## HASSLER, INC. *v.* SHAW.

ERROR TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF SOUTH CAROLINA.

No. 278. Argued April 27, 1926.—Decided May 10, 1926.

1. A petition to remove from state to federal court is not a general appearance. P. 199.
2. Pleading to the merits, after overruling of motion to dismiss for lack of jurisdiction over defendant which defendant does not waive, is not submission to the jurisdiction. P. 200.

3. Where objection to the jurisdiction appears in the record proper it is not necessary to reiterate it in a bill of exceptions. P. 200.

3 Fed. (2d) 605, reversed.

ERROR to a judgment of the District Court on a verdict recovered in an action on contract brought in a South Carolina court by a resident of that State against an Indiana corporation, and removed to the federal court.

*Mr. Charles Martindale,* with whom *Messrs. Benjamin H. Rutledge* and *Simeon Hyde* were on the brief, for plaintiff in error.

· *Mr. A. S. Harby,* with whom *Mr. L. D. Jennings* was on the brief, for defendant in error.

If the bill of exceptions be striken out in accordance with the motion made, the record shows merely that the defendant in the first instance appeared by answer containing objections to the jurisdiction of the court and a general defense to the merit, upon which it went to trial without making any exception to the court's rule on the jurisdictional point, or without preserving this ruling, and attempts now, after all other issues are decided against it, to raise the question of jurisdiction of its person in this Court. If, on the other hand, the motion to strike out the bill of exceptions fails, the record shows that the summons and complaint were served personally upon defendant, though such service was made without the State of South Carolina. Thereafter the defendant appearing especially in the state court moved to set aside the service. The motion was refused without prejudice, leaving the question of jurisdiction still open. Promptly thereafter the defendant filed in the state court a petition and bond for removal. Thereafter, without renewing its motion to set aside the service, or without saving the right to do so, the defendant filed its answer, which contained a first defense to the jurisdiction of the court, and a second defense upon the merits. Thereafter the cause was tried, at

which trial the court refused to direct a verdict in favor of the defendant on the question of jurisdiction, and refused to peremptorily charge the jury that the court would have no jurisdiction if the attached property was not that of the defendant Hassler. This trial resulted in a mistrial, and when the cause came on for trial again the record shows that the defendant entered into the trial, offered testimony and took no steps to raise the jurisdictional question, or to except to the judge's rulings thereon, or to preserve its rights under the first defense of its answer.

The question involving the jurisdiction of a federal court is not controlled by state statutes or decisions. *Mechanical Appliance Co.* v. *Casselman,* 215 U. S. 437. See also *Western Loan & Savings Co.* v. *Butte & Boston, etc.,* 210 U. S. 681.

Defendant's privilege to be sued in Indiana could have been waived. *Ex parte Schollenberger,* 96 U. S. 378. The Act of Congress prescribing the place where a person may be sued is not one affecting the general jurisdiction of the court. Filing a petition for removal was such a waiver, and amounted to a consent to the jurisdiction. *Ex parte Moore,* 209 U. S. 490. Defendant's plea to the merits was also a waiver, and submitted it to the jurisdiction of the court. *St. Louis Ry. Co.* v. *McBride,* 141 U. S. 127; *Western Loan & Savings Co.* v. *Butte & Boston Min. Co.,* 210 U. S. 368. See also *Texas & Pacific R. R. Co.* v. *Cox,* 145 U. S 593.

Defendant relies upon the order in the state court, which refused a motion to set aside the service of the summons " without prejudice, however, to the right of defendant to set up such special defense in its answer as to the jurisdiction of the court as it may deem advisable." This proviso manifestly conferred no new rights on defendant. It merely left the way clear for it to assert the alleged lack of jurisdiction of the court, provided it did not waive its right to so do.

. The defendant further submitted itself to the ·jurisdiction of the court by going to trial without saving an exception as to the court's ruling on this point. *German Alliance Ins. Co.* v. *Hale,* 219 U. S. 307. ·

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a writ of error upon a judgment *in personam* against the plaintiff in error on the ground that there never was any valid service of process against it and that therefore there was no jurisdiction in the Court. The writ was transferred from the Circuit Court of Appeals to this Court, the case being one in which the jurisdiction of the District Court and that alone was in issue within the meaning of § 238 of the Judicial Code, under the decisions in *Shepard* v. *Adams,* 168 U. S. 618; *Remington* v. *Central Pacific R. R. Co.,* 198 U. S. 95, and *Board of · Trade* v. *Hammond Elevator Co.,* 198 U. S. 424; and therefore not open to review in the Circuit Court of Appeals. *The Carlo Poma,* 255 U. S. 219.

The suit is for an alleged breach of contract and was brought in a Court of the State of South Carolina against a corporation of Indiana. The only personal service was by delivery of copies of the summons and complaint in Indiana, on May 12, 1919, as the record shows. An attachment was levied on property alleged to belong to the defendant and within the State. The record further shows that in the same month the defendant moved to · set aside the service, and that the motion was refused, without prejudice to the defendant's right to set up the special defense in its answer, this being a right clearly given by the statutes of South Carolina. The case then was removed to the District Court of the United States and subsequently, in September of the same year, an answer was filed alleging the above mentioned motion and order, and setting up that the Court had no jurisdiction,

because the defendant was an Indiana corporation doing no business and having no property within the State upon which attachment could be levied so as to give the Court jurisdiction, and also, reserving its right to object to the jurisdiction, pleading to the merits. In March, 1921, an amended complaint was filed alleging that the defendant had property in the State and setting forth the cause of action. The defendant answered denying the jurisdiction as before and denying that it had property within the State, and saving its right to object to the jurisdiction, again answering to the merits. With regard to the attachment, it is enough to say that a third party intervened, claimed the goods and finally got judgment for them. But before that happened, there was a trial on the merits between the plaintiff and defendant and a verdict for the plaintiff, in 1921. The motion for judgment was delayed until May, 1924. In the same month the defendant moved to set aside the verdict and to dismiss the complaint for want of jurisdiction. The judge then sitting thought that the question of jurisdiction should be left to the decision of the appellate court and ordered judgment. A motion to vacate the judgment was overruled on the same ground.

Thus it is manifest that the record shows a judgment against a defendant never served with process and without any attachment of property—a judgment void upon its face unless the record discloses that the defendant came in and submitted to the jurisdiction, although not served. The record discloses no general appearance in terms, but on the contrary a continuous insistence by the defendant that it had not been brought within the power of the Court. But acts and omissions are relied upon as having the effect of a general appearance. First in order of time it is said that the petition to remove had that effect. This if true would be unjust, but the contrary is

established. *General Investment Co. v. Lake Shore &
Michigan Southern Ry. Co.*, 260 U. S. 261, 268, 269.
*Wabash Western Ry. Co. v. Brow*, 164 U. S. 271, 279.
Then it is said that pleading to the merits was an appear-
ance, notwithstanding the effort of the defendant to
subordinate its denial of the cause of action to its protest
against the jurisdiction, and notwithstanding the statute
of South Carolina and the order in the case purporting
to save its rights. This again would be unjust; but such
is not the law. *Harkness v. Hyde*, 98 U. S. 476, 479.
*Southern Pacific Co. v. Denton*, 146 U. S. 202, 209. It is
said that going to trial on the merits without saving an
exception submitted to the jurisdiction. The plaintiff,
(the defendant in error,) objects to our seeking any ex-
planation in a bill of exceptions that he says was allowed
too late, but the record shows that at the time of the trial
the attachment was outstanding, not having been vacated
until later, and that it no doubt may have been, as the
bill of exceptions shows that it was, the expectation of
the trial judge that the verdict would be satisfied out of
the attached goods. The record showed the defendant's
denial of the right to proceed, and the grounds for it. It
was not necessary to reiterate the denial in a bill of ex-
ceptions, in order to get it on the record. It already was
there.

There was some suggestion that the emphasis, at least,
of the answer denying jurisdiction was on the absence of
the defendant from the State and its having no property
there. But the answer and the amended answer elab-
orately set out the motion to set aside the service and the
reservation of the defendant's rights by the State judge.
It seems to us impossible to doubt that this was meant to
save the question and that it would be hypertechnical to
require a more explicit statement that the grounds of the
motion as well as the other matters mentioned were still
the basis on which jurisdiction was denied. The other

matters were added simply to give further force co the failure to serve within the State. We are of opinion that the record does not disclose an appearance by the defendant, or any submission to the jurisdiction that it sought and had a right to avoid.

*Judgment reversed.*