**SOUTHWEST GENERAL ELECTRIC CO. v. NUNN ELECTRIC CO.   (No. 616–4271.)**

(Commission of Appeals of Texas, Section B. May 26, 1926.)

**1. Corporations**  ☜**642(4½)—Foreign corporations, placing products with local merchant for sale on commission, does not thereby transact business in state so as to require taking out of permit (Vernon's Ann. Civ. St. 1925, art. 1529).**

Foreign manufacturing corporation, placing its products in hands of local merchant for sale on commission, does not thereby transact business in state within terms of Vernon's Ann. Civ. St. 1925, art. 1529, requiring it to take out a permit therefor.

**2. Corporations**  ☜**642(4½)—Foreign corporation, consigning goods to local agent for sale under contract regulating display of goods and limiting districts and customers to be supplied, does not thereby do business in state.**

Foreign corporation, consigning goods to local agent for sale and distribution, retaining property therein, does not do business in state because of regulation in contract that goods were to be properly displayed and advertised and limiting districts and customers to be supplied by agent.

**3. Corporations**  ☜**642(4½)—Contract making agency between foreign corporation and local merchant personal and subject to cancellation on transfer of agent's business held to show intention of treating business of selling as that of local merchant.**

Provision, in contract by foreign corporation consigning goods to local merchant for sale, that agency is personal and subject to cancellation by corporation if agent's business is transferred, *held* to show that parties treated business of selling as that of local agent.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the Southwest General Electric Company against the Nunn Electric Company. From a judgment of the Court of Civil Appeals (263 S. W. 954), affirming a judgment of trial court, dismissing the petition, plaintiff brings error. Reversed, and remanded for a new trial.

Fitzgerald & Hatchitt, of Wichita Falls, and Crane & Crane, of Dallas, for plaintiff in error.

Weeks, Morrow & Francis, of Wichita Falls, for defendant in error.

SPEER, J. The Southwest General Electric Company, as assignee of the General Electric Company, sued the Nunn Electric Company to recover a balance due upon a consignment contract. The trial court sustained an exception and dismissed the petition because it was not shown that the General Electric Company, a New York corporation, had taken out a permit to do business in Texas at the time it entered into the contract with the defendant company. This contract was exhibited with the petition. The Court of Civil Appeals affirmed the judgment of the trial court (263 S. W. 954), and the writ of error was granted "on the importance of the question." That question succinctly stated, is whether or not the transaction evidenced by the contract sued on was the transaction of business in Texas by the General Electric Company.

The contract involved is lengthy and no useful purpose will be subserved by setting it out in full. It has every mark of the ordinary consignment contract, as for instance: (a) The title to the property involved in the contract (Edison incandescent lamps of the types and classes specified) is expressly retained by the General Electric Company, called the manufacturer; (b) it does not require payment for any part of the property until the property is sold; (c) the manufacturer has the power to require the return of all unsold property at any time; (d) the goods are to be put on sale at the place of business of the Nunn Electric Company; (e) the Nunn Electric Company pays all expenses of the business, including storage, cartage, drayage, transportation, keeping the accounts, and collecting the proceeds of the sales made; (f) the books and records of the Nunn Electric Company are to be open at all times during business hours to the inspection of any duly authorized representative of the manufacturer; (g) it provides for sales to be made by the Nunn Company, and does not provide for any sales to be made by the manufacturer from such store. There can be no doubt if these features stood alone in the contract it would be an ordinary consignment contract, and no permit would be required, since its performance would not constitute the transacting of business in Texas. The transaction would be an interstate transaction, with which the statutes of Texas can have nothing to do. The Court of Civil Appeals assents to this view, but holds that this case does not come within the rule thus announced. It holds to the opinion that other provisions of the contract do show that, in its dealings with the Nunn Company, the General Electric Company was transacting business in this state. Those provisions are as follows:

"The agent shall sell or otherwise distribute lamps from the manufacturer's store only in

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

packages or wrappers supplied by the manufacturer, which among other things, will contain a notice substantially in the following form: 'The lamp (s) contained herein is (are) manufactured by the Edison Lamp Works of the General Electric Company, which sells its Mazda and Gem lamps exclusively through its own branches and agents direct to the consumer.'"

Also the agent was thus authorized by the contract:

"(a) To distribute lamps from the manufacturer's store in the custody of the agent to those agents holding agency appointments from the manufacturer whom this agent may be given by the manufacturer written authority to serve; (b) to sell to any consumer, within domestic territory * * * lamps for immediate delivery from said store in broken package quantities, * * * and to sell from said store to any purchaser under written contract with the manufacturer for the Edison brand of lamps on the manufacturer's standard form, and to whom the agent may be given by the manufacturer written authority to deliver lamps at the prices set forth in said contract."

[1] It is well settled by all the authorities that a foreign manufacturing corporation placing its products in the hands of local merchants for sale on commission is not thereby transacting business in this state within the terms of article 1529, Vernon's Ann. Tex. Civ. Stat. 1925; Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714; Milburn Mfg. Co. v. Peak, 89 Tex. 209, 34 S. W. 102; Welch v. Phelps, etc., Co., 89 Tex. 653, 36 S. W. 71; Falls Rubber Co. v. La Fon (Tex. Com. App.) 256 S. W. 577; Butler Bros. Shoe Co. v. U. S. Rubber Co., 156 F. 1, 84 C. C. A. 167; Id., 212 U. S. 577, 29 S. Ct. 686, 53 L. Ed. 658.

[2] But the question remains, Does the incorporation in the contract of the provisions above quoted compel a different conclusion in this case; that is, that the contract on the whole shows that the General Electric Company was transacting business in Texas? We do not think so. Of course the execution of the contract itself was the transaction of business, but it was not a transaction of business in Texas. It was interstate in its character, and therefore not within the prescription of the statute. It is, so far as this case is concerned, only the transaction of business in Texas that is forbidden except upon the state's permit. Now, clearly it seems to us, the only business to be transacted or that was transacted in Texas, so far as the General Electric Company is concerned, was the sale of the lamps, and the accounting therefor. It is true in the nature of things there are stipulated many regulations and limitations upon the manner of doing this business. This is to be expected. The title to the goods was retained in the manufacturer until they were actually sold. The manufacturer was vitally interested,

not only in the volume of sales to be made under the contract, but likewise in those numerous details calculated to build up a permanent demand for. this particular brand of goods through satisfied customers and the like. The manufacturer stipulated that the goods were to be properly displayed, and that certain helpful advertisements should accompany sales. The contract limits the district and customers to be supplied by the agent. But the fact remains that the business of selling the products in Texas under the limitations and qualifications prescribed was that of the Nunn Electric Company.

True, the Nunn Company is throughout referred to as "the agent" and the General Electric Company as "the manufacturer." There is no inconsistency here, for a consignee under any consignment contract is in an important sense the agent of the owner. The agent or consignee obligates himself to furnish a place of business, to display the goods for sale, and to sell the same, and pay all of the expenses of every sort connected therewith. The business of selling the consigned stock is entirely different and apart from the business of consummating the consignment contract. The latter involves the execution of the contract, while the former consists in the performance of its terms. The cases are almost legion to the effect that the business of selling consigned goods does not become that of the owner where he merely limits or regulates the manner, place, time, terms, or details of such sales. Such regulations and limitations do not constitute the control that of an owner and operator of the business. Such has been the holding where stipulations were under consideration as follows: Granting exclusive right to purchase and sell goods in a stated territory; requiring a stated stock of goods to be kept on hand; requiring goods to be located in a particular place or displayed in a particular way, or to be properly cared for; agreement to insure in favor of the owner, or to permit the owner to inspect at will; obligating the purchaser or consignee to keep and send an inventory to the owner on request, not to sell except at fixed prices, not to sell other goods; agreement by the consignee to distribute advertising matter; permitting the consignee to defer payment until goods are resold; requiring purchaser to devote entire time to sale of the goods, or to pay proper attention to sale, or conserve the best interests of the agency, or to use best endeavors to further business or push sales; agreement not to assign agency or remove it. See the authorities collated. 14a C. J. p. 1290, § 3996.

Assuming, as we must, that the real nature of the transaction is disclosed in the contract, we must hold that there is nothing to show that General Electric Company was transacting business in Texas so as to impose

upon it the necessity of obtaining the permit required by law. There would be fully as much reason for holding the General Electric Company liable personally for the rents, salaries, and other expenses of the Nunn Electric Company as to hold it liable for the consequences of a failure to take out a permit. The contract contemplates that everything that is done in Texas under its terms in furtherance of the business authorized is to be done by the Nunn Electric Company, who alone is transacting business in this state. There is nothing in the contract to bring the case within the rule that the foreign corporation maintains a stock of goods or wares within the state from which it makes sales directly, by consignment, or otherwise. It does nothing of the kind. All its sales are by consignment under allowable limitations and regulations.

[3] Besides, the contract contains a stipulation which shows clearly the parties treated the business of selling as that of the Nunn Company. It provides:

"This agency appointment is personal in its character, and the manufacturer reserves the right to cancel the agency in the event of the transfer of the agent's business or the control thereof to parties other than those now in control."

We therefore recommend that the judgments of both courts be reversed, and the cause remanded to the trial court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the question discussed in its opinion.