**PHILADELPHIA LIFE INS. CO. v. BUR-GESS et al.**

District Court, E. D. South Carolina. March 11, 1927.

No. 392.

1. **Cancellation of instruments ☞13—Insurer may sue to cancel life policy and restrain action thereon, where beneficiary may delay till expiration of incontestable period.**

Insurance company may bring suit for cancellation of life policy and to restrain assignment and prosecution of any suit at law by beneficiary, where latter may delay bringing action at law till period prescribed by incontestable clause has expired.

2. **Insurance ☞400—Incontestable clause in life policy held applicable to suicide clause, providing that self-destruction within two years was not risk assumed.**

Life policy containing clause that self destruction within two years is not risk assumed, and clause that policy is incontestable except for nonpayment of premiums after two years, *held* to be incontestable except for such nonpayment after two years, since policy must be construed as whole, and incontestable clause applies to suicide clause.

3. **Courts ☞345—Defendants appearing to give notice of motion to dismiss bill waived error in issuance of warning order; "general appearance" (equity rule 29; Judicial Code, § 57 [Comp. St. § 1039]).**

Defendants, by appearing and giving notice of motion to dismiss bill for want of equity, under equity rule 29, entered "general appearance," and thereby waived any question of service of process, including issuance of warning order under Judicial Code, § 57 (Comp. St. § 1039).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

4. **Appearance ☞17—Party may appear generally, without waiving jurisdictional question, only where he first appears specially to raise such objection, and it is overruled.**

Wherever party desires to make jurisdictional question, he has right to appear for special purpose of raising that objection, and, if it is overruled, he may then appear generally, without waiving it; but, if he appears generally without doing so, objection is waived.

5. **Dismissal and nonsuit ☞56—Insurer's suit to restrain action on life policy, where beneficiary might delay till incontestable period expired, will be dismissed as to defendants other than beneficiary.**

Life insurance company's suit to cancel life policy and restrain assignment and prosecution of law action thereon, where beneficiary might delay action till period prescribed by incontestable clause had expired, will be dismissed as to defendants other than beneficiary.

6. **Descent and distribution ☞92—Insurer cannot bring suit against heirs at law of insured to cancel policy payable to insured's administrator.**

Life insurance company cannot bring suit against heirs at law of insured to cancel policy payable to administrator of insured, and restrain assignment or prosecution of law action thereon, to prevent beneficiary's delay till period prescribed by incontestable clause expired, notwithstanding that heirs at law were. final beneficiaries, since they were not proper parties.

7. **Courts ☞351½—Where bill to cancel insurance policies did not allege defendants' possession, such allegation in affidavit for warning order is not deemed admitted on motion to dismiss (Judicial Code, § 57 [Comp. St. § 1039]; equity rule 29).**

Where bill to cancel life policies and restrain assignment or prosecution of law actions thereon did not allege that defendants were in possession of policies, such allegation in attorney's affidavit for warning order, under Judicial Code, § 57 (Comp. St. § 1039), is not deemed admitted for purpose of motion to dismiss bill under equity rule 29.

8. **Insurance ☞400—Insured's administrator, who was beneficiary, cannot be made party to insurer's suit to cancel policy after expiration of incontestable period, where original defendants were not proper parties.**

In life insurance company's action to cancel policy payable to insured's administrator, to prevent delay by him in bringing action on policy till after expiration of contestable period, administrator cannot be made party after such period has expired, where persons originally named as defendants were not proper parties, notwithstanding that administrator could not be appointed and suit brought against him before contestable period expired.

9. **Insurance ☞400—"Contest," under incontestable clause in life policy, is appropriate court proceeding.**

"Contest," under clause in life insurance policy that policy is incontestable, except for nonpayment of premiums after two years, is contest initiated by appropriate proceedings in court within time limited.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contest.]

10. **Insurance ☞146(3)—All doubts regarding meaning of incontestable clause in life policy must be resolved against insurer.**

All doubts regarding meaning of clause in life policy that policy is incontestable, except for nonpayment of premiums after two years, must be resolved against insurance company which wrote such clause.

11. **Injunction ☞26(3)—Insured's administrator, named as beneficiary, will not be enjoined from bringing action at law on policy after expiration of incontestable period.**

Insured's administrator, named as beneficiary in life policy, will not be enjoined, after expiration of period prescribed by incontestable clause, from bringing action at law on policy, though insured committed suicide within two years, which was not risk assumed by insurer.

In Equity. Suit by the Philadelphia Life Insurance Company against Mrs. Sallie Wright Burgess and others. Decree for complainant in part, and in part for defendants.

Thomas & Lumpkin, of Columbia, S. C., and Edward J. Boughton, of Philadelphia, Pa., for complainant.

Lee & Moise and Harmon D. Moise, all of Sumter, S. C., for defendants.

ERNEST F. COCHRAN, District Judge. For a proper understanding of the questions involved in the various motions now under consideration in the above-entitled cause, it will be necessary to state the various steps that have been taken.

The bill was filed on June 28, 1926. The substance of the bill is that one Richard F. Wright on June 10, 1924, applied to the plaintiff for insurance on his life in the sum of $10,000, to be issued in two policies, payable to his sister, Sallie W. Burgess, one of the defendants herein; that thereafter two policies, Nos. 80922 and 80923, were issued, both being dated July 1, 1924; that thereafter, pursuant to the conditions contained in policy No. 80923, the insured revoked the payment to the beneficiary, Sallie W. Burgess, and directed that the proceeds of that policy should be payable to his *executors or administrators;* that under the terms and conditions of both policies it is provided that they should be incontestable, except for nonpayment of premiums after two years from date, and also that self-destruction, while sane or insane, within two years from date, is not a risk assumed by the company under the policies; that Richard F. Wright committed suicide on May 30, 1926; that he left surviving him as his heirs at law his two sisters, Mrs. Sallie W. Burgess and Mrs. Everett W. Lucas, and three brothers, Jack J. Wright, Edward F. Wright, and Robert Lee Wright, and that they are the persons entitled to take and inherit under the statute of distributions of South Carolina; that said heirs at law and distributees will shortly apply to the probate court of Sumter county for the appointment of an administrator to file suit on account of the policy mentioned (viz. No. 80923), and that Sallie W. Burgess intends to file suit, claiming the amount of the policy made payable to her as beneficiary (viz. No. 80922); that no administrator has as yet been appointed and that such appointment could not be made under the laws of South Carolina until after three weeks' public advertisement, and that no administrator therefore could be appointed prior to July 1, 1926, the date of the expiration of the contestable period.

The bill further asserts that the plaintiff has no adequate remedy at law, inasmuch as the two-year period will have expired when suits shall be brought at law by the parties to collect the policies referred to. The bill alleges that the Sumter Trust Company was general guardian of Richard F. Wright, but there are no further allegations connecting the Sumter Trust Company with the case.

The plaintiff, at the time of the filing of its bill, filed also an affidavit setting forth that Sallie W. Burgess, Jack J. Wright, and Mrs. Everett W. Lucas were in possession of the said policies and resided in this district, and that Edward F. Wright and Robert L. Wright resided in North Carolina, and thereupon, on motion of the plaintiff, on June 28, 1926, this court issued what may be termed a "warning order" under the federal statute (section 57, Judicial Code [Comp. St. § 1039]), requiring the said Edward F. Wright and Robert L. Wright to appear, plead, answer, or demur before July 28, 1926, and ordering certified copies of the said order to be served upon them in North Carolina. The subpœna ad resp. was served in this district on June 29, 1926, on Jack J. Wright, Mrs. Everett W. Lucas, Mrs. Sallie W. Burgess, and the Sumter Trust Company. On July 8, 1926, according to the return of the marshal, the warning order and subpœna ad resp. were served on Edward E. Wright, instead of Edward F. Wright, by leaving a copy with R. J. Bland, the father-in-law of Edward E. Wright, a member of his family, at the dwelling house of R. J. Bland, at Sumter, S. C.; Bland stating that Edward E. Wright lived with him and was expected home that night. Whether Edward F. Wright and Edward E. Wright are the same, or, if not the same, why Edward E. Wright was served, does not appear. Apparently no service was ever made upon Robert L. Wright.

On July 17, 1926, all of the defendants, through their attorneys, filed a notice of motion to dismiss the bill under equity rule 29, on the ground that it did not state any matter of equity entitling plaintiff to any relief against the defendants. This motion came on for hearing and was argued before this court. At that hearing it was stated by counsel for defendants that, although there was a misjoinder of causes of action, in that a cause of action was attempted to be set forth against Sallie W. Burgess individually as the beneficiary under policy No. 80922, and another cause of action against her and the other defendants as heirs at law and distributees of the insured under policy No. 80923, no point would be made of the misjoinder, and that, so far as the case against

Sallie W. Burgess individually under policy No. 80922 was concerned, she would answer and meet that cause of action individually, but that, so far as concerned the cause of action under policy No. 80923, she and all the other defendants would insist upon its dismissal under their motion already mentioned. Before this motion could be decided by the court, there were other steps taken in the cause and other events occurred which are necessary to be stated.

On September 28, 1926, Jack J. Wright was appointed the administrator of the estate of the insured, Richard F. Wright, by the probate court of Sumter county, and on December 4, 1926, he instituted his suit at law in the court of common pleas of Sumter county against the plaintiff, the Philadelphia Life Insurance Company, to recover on policy No. 80923, and on December 21, 1926, the plaintiff herein (the defendant in the suit in the state court) removed that suit from the state court into this court.

On December 9, 1926, the plaintiff herein gave notice of a motion to be allowed to amend its bill by making Jack J. Wright, the administrator of the insured, a party to this case, and on December 28, 1926, a rule was issued against Jack J. Wright to show cause why he should not be restrained from prosecuting the case brought by him in the state court on the law side and removed into this court until a decision could be reached in respect to the equitable relief claimed in the bill in this cause.

On December 11, 1926, Sallie W. Burgess, individually and *not as heir at law and distributee,* filed her answer to the alleged cause of action set forth against her on policy No. 80922, setting up various defenses thereto, and setting forth also a counterclaim to recover the proceeds of said policy, and on December 21, 1926, the plaintiff filed a reply to that counterclaim.

On February 7, 1927, Edward F. Wright and Robert L. Wright gave notice of a motion for an order rescinding the warning order of June 28, 1926, requiring them to plead, etc., on the ground that they were citizens and residents of North Carolina, and that said order of June 28, 1926, was void and not authorized by law in a case of this nature.

I will first consider the cause of action stated by plaintiff on policy No. 80922 against Sallie W. Burgess individually. It might have been objected to this cause of action that it was improperly joined with the cause of action on No. 80923. Equity rule 26 provides that the plaintiff may join in

one bill as many causes of action cognizable in equity as he may have, but, where there is more than one defendant, the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the administration of justice. The defendant Sallie W. Burgess, however, expressly waived any right of objection on this ground at the hearing before me.

[1] The two-year period of contestability provided by the policy expired on July 1, 1926. The plaintiff's right, therefore, to interpose the defense of suicide at law would have been ineffectual after that date. This suit for cancellation of that policy was filed on June 28, 1926, and served on her the next day. The suit, therefore, was in time. It is now settled law in this circuit that an insurance company may bring a suit for cancellation of the policy, and to restrain assignment and the prosecution of any suit at law, when the beneficiary of the policy may delay the bringing of the action at law until the period prescribed by the incontestable clause has expired. Jefferson Standard Life v. Keeton (C. C. A. 4th) 292 F. 53; Jones v. Reliance Life, etc. (C. C. A. 4th) 11 F.(2d) 69.

[2] It has been suggested, however, that in this particular case the terms of the policy provide that suicide within two years of the date of the policy is a risk not assumed under the policy, and, the risk being excluded by the terms of the policy, the incontestable clause does not apply, and the plaintiff could be fully protected by showing in an action at law that the case presented was not within the terms of the policy. The suggestion appears a very plausible one. But the policy must be construed as a whole, and the suicide clause must be construed in connection with the incontestable clause, so as to give effect to both. I think, therefore, that the meaning of the policy is by the incontestable clause to exclude every attack upon the policy, except for nonpayment of premiums, whether such attack arises under the suicide clause or otherwise, unless such attack is made within the two-year period.

By the incontestable clause, the company in effect said to the insured: "After two years, nothing will defeat the payment of this policy, in case of your death, except nonpayment of premiums." I think, therefore, that after the expiration of the two-year period the defense of suicide, although occurring within two years, would not be available to the plaintiff in an action at law, and the remedy therefore at law is inade-

quate, and the plaintiff is entitled to maintain its bill against Sallie W. Burgess individually for the cancellation of policy No. 80922, and to restrain her from proceeding at law or from transferring the same. The bill, therefore, as between the plaintiff and Sallie W. Burgess individually, on policy No. 80922, will be retained, and proceed to final hearing under the issues raised by her answer, counterclaim, and the reply thereto.

[3] The motion of the defendants Edward F. Wright·and Robert L. Wright to vacate the warning order of June 28, 1926, will next be considered. The motion is based on the theory that the action is one in personam, and not in rem, and that, being residents and citizens of North Carolina,· they cannot be sued in this district and served by a warning order, under the section of the Code referred to. I do not deem it necessary to decide whether the action is in personam or in rem. Long before the defendants made their motion to vacate this warning order, they appeared and gave notice of a motion to dismiss the bill for want of equity. This was a general appearance, and waived any question of service of process.

[4] It is urged, however, that this is a jurisdictional question, and therefore not waived by this general appearance. But the court had jurisdiction of the subject-matter, and the only question is whether it had jurisdiction of the person of the defendants, and this could be waived. The rule in this court is that, wherever a party desires to make a jurisdictional question, he has the right to appear for the special purpose only of raising that objection, and, if the objection is overruled, he may then appear generally and contest the case upon the merits, without waiving the objection; but, if he appears generally ·without doing so, the objection is waived. Hassler v. Shaw, 271 U. S. 195, 200, 46 S. Ct. 479, 70 L. Ed. 900; Southern Pacific Co. v. Denton, 146 U. S. 202, 206, 13 S. Ct. 44, 36 L. Ed. 942; Harkness v. Hyde, 98 U. S. 476, 479, 25 L. Ed. 237.

[5] The next motion to be considered is the motion of the defendants to dismiss the bill for want of equity. As to the cause ˙of action based on policy No. 80922, and which has been retained as to the defendant Sallie W. Burgess individually, it is evident that the remaining defendants have no possible interest, legal or otherwise, in that cause of action, and that cause of action must certainly be dismissed so far as they are concerned. It is to be noted that Sallie W. Burgess is not asking that the cause of action on No. 80922 be dismissed as to her individual-ly. But she does ask that the cause of action on No. 80923 be dismissed as to her, and her codefendants make the same motion.

[6] As to the cause of action on policy No. 80923, I cannot see on what theory it can be sustained as to any of the defendants. The bill shows on its face that the legal owner of that policy is the administrator of the insured. It is true that the defendants will, unless the proceeds of the policy are absorbed by administration expenses and debts, be the final beneficiaries. But the administrator is the real legal owner. A decree by this court against the defendants, directing the cancellation of that policy and its surrender, would not be binding upon the administrator. The defendants are neither necessary nor proper parties to any suit for the cancellation of that policy. If the suit could be maintained against them, it could be maintained against the creditors of the insured, and, indeed, it might more logically be maintained against the creditors, for they take the proceeds before the defendants can receive any part of them. But neither creditors nor beneficiaries are the proper parties. The only proper party is the administrator.

[7] It was suggested in argument that, inasmuch as the defendants Mrs. Sallie W. Burgess, Jack J. Wright, and Mrs. Everett W. Lucas are in possession of the policies in question, they are therefore necessary and proper parties for the cancellation thereof. The bill itself does not allege that any of the parties are in possession of these policies. It is alleged, however, in the affidavit of the plaintiff's attorneys, made for the purpose of obtaining the warning order referred to, that the policies in question are in the possession of Sallie W. Burgess, Jack J. Wright, and Mrs. Everett W. Lucas. I do not think, upon the motion to dismiss, that this allegation should be deemed admitted for the purposes of the motion. However, even if the bill had made this allegation, I cannot see that it would make them either necessary or proper parties, so far as policy No. 80923 is concerned.

As to that policy, none of the parties had any legal interest in it, and any possession they may have must be simply as mere custodians, and it surely cannot be claimed that a bill in equity can be maintained against a mere custodian for the cancellation of a policy held by him for another, and in which he has no legal interest whatever, so as to bind the real owner. The cause of action, therefore, stated in the bill on policy No. 80923, must be dismissed as to Sallie W.

Burgess, and the whole bill must be dismissed as to the remaining defendants.

[8] The next motion to be considered is the motion of the plaintiff to make the administrator a party to this suit. It happens that the administrator is Jack J. Wright, who is a party defendant as heir at law in this suit. But this is immaterial. The fact that he happens to be an heir at law and the defendant in the present suit cannot affect any right the plaintiff may have to make him a party in his capacity as administrator. The theory upon which the plaintiff seeks to make the administrator a party at this time is in substance that, upon the death of the insured, it was impossible to have an administrator appointed and bring suit against him before the contestable period expired, and that, having brought the suit within the period against the ultimate beneficiaries, the heirs at law, and the administrator having been subsequently appointed, it is entitled now to make the administrator a party, and thus preserve its right to maintain this suit for cancellation of the policy as if brought against the administrator before the contestable period expired. The plaintiff's argument is that it has done all that was possible under the circumstances and facts of the case, and therefore should be permitted to make the administrator a party, as it were, nunc pro tunc.

[9] It may be conceded that the plaintiff's contest must be by suit, and that a mere protest or objection would not be sufficient. The great weight of authority is to the effect that a contest, under such a clause, is a contest initiated by appropriate proceedings in court within the time limited. Jefferson Life Ins. Co. v. Keeton, supra; Jones v. Reliance Life, etc., supra. See, also, Peake et al. v. Lincoln Nat. Life, etc. (C. C. A. 8th) 15 F. (2d) 303, and cases therein cited.

[10] Assuming that it was impracticable, or even impossible, for the administrator to have been appointed, and the plaintiff to have instituted the suit which the law requires to make a contest within the contestable period, and conceding that it makes it a very hard case for the plaintiff, nevertheless, I am of opinion that the plaintiff is not relieved thereby from instituting suit against the administrator within that period. The plaintiff wrote the incontestable clause in question. All doubts regarding the meaning of that clause must be resolved against the plaintiff. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

When it wrote the policy, plaintiff could have known that many situations would arise where it would be impracticable, if not impossible, for it to bring its suit within that period; for example, there may be cases where gross frauds are practiced in obtaining the policy, and the insurance company may never have any opportunity for ascertaining such fraud until after the two-year period has expired, or the fraud may be discovered such a short time before the period expires as to render it impracticable, or even absolutely impossible, to institute suit. Can it be doubted that such impracticability or impossibility of presenting its suit in time will not avail it in such a case when the incontestable clause is pleaded? I see no reason for differentiating between the impracticability, or even impossibility, of beginning suit for the cancellation on the ground of fraud, and the case of cancellation for suicide.

The plain meaning of the incontestable clause is that all contests must be brought within that period, and there are no exceptions stated, except nonpayment of premiums. If the plaintiff desired to protect itself from those various situations which might arise, where it would be impossible to present its contest within the period mentioned, it could easily have written into the policy such exceptions as it desired to make. It did not see fit to do so. It cannot be doubted that a policy with such exceptions in it would not be as attractive and salable as a policy without exceptions. The plaintiff chose to make the most attractive contract, and take its chance of being able to present its contest within time.

The learned counsel for the plaintiff has cited a number of cases in support of his contention, but I do not think that any of them are in point. The nearest approach to a case in point is the case of Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A. 5th) 294 F. 886. The insurance company brought its action to cancel against the widow and children of the insured two days before the contestable period (one year) expired. After the expiration of the contestable period, the administrator was appointed, and later the bill was amended by making him a party. The administrator made a motion in the District Court to dismiss the bill as to him, on the ground that the proceeds of such policies under the law of Florida inured exclusively to the benefit of the widow and children; that he had no interest in such proceedings, and consequently no interest in the litigation, and was therefore an improper party; and the District Court, under the law

.of Florida, determined that question in his favor, and dismissed the bill as to him.

The District Court also dismissed the bill as to the other parties, on the ground that the incontestable clause did not apply after the death of the insured, occurring prior to one year from date of the policy, and that the contest could be effectually inaugurated by denial of liability in any form. See Jefferson Standard Life Ins. Co. v. McIntyre (D. C.) 285 F. 570. The Circuit Court of Appeals for the Fifth circuit reversed this decision, holding that the clause had made the policy incontestable, even though the insured died within that time, and that mere denial or repudiation was not a contest within the meaning of the clause. As to the administrator, the court simply said: "The administrator was a proper party, as he, as the representative of the deceased insured, was entitled to receive the tendered amount of premium paid, with interest thereon." Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A. 5th) 294 F. 886.

The distinction between that case and this is that in that case, under the law of Florida, although the policy was payable "to the estate," it did not inure to the administrator, but to the heirs at law *exclusively*, while in the present case the heirs at law are not entitled to any part of the proceeds until the administrator has collected the policy and paid the debts. The administrator was simply held by the Circuit Court of Appeals to be a proper party to collect, not the policy, but the tendered premium paid, with interest thereon. The incontestable clause of course had no application to a recovery of the premium, and the administrator was retained as a party for that purpose only. In addition to this, no point was raised in that case or decided, either below or in the Circuit Court of Appeals, on the question whether the making of the ultimate beneficiaries parties within the contestable period, would extend the contestable period so as to give the company the right to bring in the administrator at a later period.

I have assumed that the allegations of the bill, which assert that it was impossible for an administrator to be appointed and suit to be instituted against him before the period prescribed by the incontestable clause expired, are correct. The defendants, however, insist otherwise. The death of the insured occurred on May 30, 1926, and the two-year period expired July 1, 1926. The pertinent provisions for the appointment of an administrator are sections 5382, 5386, and 5393 of Civil Code of S. C. of 1922, vol.

I. Section 5382 provides that administration shall be granted first to the husband or wife, and, if there be none, to certain kindred in the order therein prescribed, and, in default of such, to the greatest creditor or creditors, or such other person as the court may appoint. Section 5386 requires the person applying to file a petition, and a citation to be issued and published two successive weeks (not three weeks as alleged in the bill) before the appointment can be made. Section 5393 requires the clerk of the court of common pleas, when it comes to his knowledge that an estate remains unadministered for six months, either because no application for administration has been made, or from any other cause, to apply for letters of administration.

It is not clear that these statutes gave the plaintiff any legal right to force the appointment of an administrator. Assuming that it had such right, it might have been possible theoretically within the short time between May 30 and July 1 to have taken the steps necessary to have the appointment made, but as a practical matter it could hardly have been done. While the defendants' contention in this respect is worthy of note, and may be correct, nevertheless I prefer to rest my decision on the other grounds set forth in this opinion.

But there is another and possibly a still stronger reason why the motion to allow the administrator to be made a party cannot be granted. We have seen that all of the defendants, so far as policy No. 80923 is concerned (and it is only in this policy that the administrator is interested), have no legal interest in the suit, are not proper parties, and the bill must be dismissed as to them. The motion, therefore, amounts to a motion to substitute the administrator as a party. It is in effect, therefore, the bringing of a new suit against him, and that, too, after the time when such suit can be legally brought. This cannot be done. A plaintiff cannot bring suit against the wrong party within the time in which such suit is required by the statute of limitations or contract to be brought, and then, when such suit is dismissed, or about to be dismissed, seek to substitute an entirely distinct defendant, especially where such action will deprive such new defendant of the right to interpose a defense of the statute of limitations, or other defenses of that nature, which he might have interposed if the suit had been brought in time.

The principle involved in this proposition has been expressly decided by the Su-

preme Court of the United States in the case of Davis v. Cohen, 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129. In that case an action was brought against a railroad company for damages sustained while the road was under federal control. Later, on motion of plaintiff, the writ and declaration were amended, by striking out the name of the railroad company and substituting the name of the Director General or Agent appointed under the Transportation Act of 1920 (41 Stat. 456). The Director General (the Agent of the United States) appeared specially and objected, on the ground that the service was void and the court without jurisdiction to entertain the action against him, because the proceedings against him had not been instituted within the time prescribed by the Transportation Act. This motion was denied, and he was required to answer. The Supreme Court held that the amendment of the writ and declaration, by substituting the Director General as a defendant, was in effect the commencement of a new and independent proceeding, and, being commenced more than two years after the passage of the Transportation Act, could not be maintained. Davis y. Cohen, 268 U. S. 638, 45 S. Ct. 633, 69 L. Ed. 1129. See, also, Currie v. L. & N. R. R., 206 Ala. 402, 90 So. 313, 19 A. L. R. 675.

It is true that Davis v. Cohen was a law case, and the present case is in equity. But the fundamental principle is the same, whether at law or in equity. It is also true that in Davis v. Cohen the two-year limit was prescribed by statute, while here it is prescribed by contract between the parties; but that cannot affect the case, for the parties are bound by their contract. The only ground of distinction between Davis v. Cohen and this case, that might appear substantial, is that in the former case it does not appear that there was any reason why the plaintiff could not have brought his case against the proper party in time, while here it is claimed that it was impracticable or impossible. But, as I have shown, the plaintiff here made its own contract, and bound itself to bring the suit within the two-year period, without regard to circumstances or facts beyond its control, which might impede or prevent it from so doing. Being so bound, and having by its own act deprived itself of the opportunity to bring the suit, the supposed distinction between Davis v. Cohen and this case vanishes. Moreover, Davis v. Cohen was not rested on the ground that the plaintiff had an opportunity to sue the right par-

ty within time. That point was not adverted to, and played no part in the decision.

The principle to be gathered from the cases is that, where a plaintiff sues the wrong party within the period of time allowed by its contract or by statute, and seeks, after the time has expired under which it might sue the right party, to bring in the right party by amendment, this amounts to a new and independent suit, and cannot be maintained as against a provision requiring the suit to be brought within a certain time. Applying the principle to the case at bar, it clearly prevents this amendment. Here the suit must be brought against the administrator before the contestable period expires. It was not so brought. It was brought against the heirs at law, who are not legally the right parties against whom such a suit should be brought. After the contestable period has expired, and a motion has been made by the heirs at law to dismiss the suit as to them, the plaintiff seeks to bring in the administrator as a party nunc pro tunc. The case is clearly within the principles laid down in Davis v. Cohen, supra. The motion therefore to make the administrator a party must be denied.

[11] From what has been said, it also follows that the motion to enjoin the administrator from proceeding in an action at law on policy No. 80923 must be refused. It is therefore ordered, adjudged, and decreed:

First. That the bill of complaint, in so far as it states a cause of action as between the plaintiff and Sallie W. Burgess individually on policy No. 80922, be and the same is hereby retained for hearing and determination upon the issues arising from the said bill on that cause of action, answer and counterclaim of Sallie W. Burgess thereto, and the reply of the plaintiff to said counterclaim, and that the said Sallie W. Burgess be and she is hereby restrained and enjoined during the pendency of this action, and until the further order of the court, from instituting, prosecuting, or maintaining any action at law in any court on said policy No. 80922, provided, however, that this restraint and injunction shall not prevent the said Sallie W. Burgess from maintaining her counterclaim on said policy in this cause in this court, if she can.

Second. That the motion of the defendants Edward F. Wright and Robert L. Wright to rescind and vacate the warning order of this court of June 28, 1926, requiring them to appear and plead, be and the same is hereby refused.

Third. That the motion of the defendant Sallie W. Burgess as heir at law and distributee of the insured, to dismiss the cause of action based on policy No. 80923, is granted and the cause of action on said policy be and the same is hereby dismissed as to the said Sallie W. Burgess.

Fourth. That the motion of all of the defendants (except the defendant Sallie W. Burgess) to dismiss the whole bill, on both causes of action as to them, is granted, and the entire bill be and the same is hereby dismissed as to all of said defendants, except the said Sallie W. Burgess.

Fifth. That the plaintiff's motion to make the administrator, Jack J. Wright, a party to the above-entitled cause of action, be and the same is hereby refused.

Sixth. That the plaintiff's motion to enjoin the administrator, Jack J. Wright, from prosecuting the action at law against the plaintiff, based on policy No. 80923, be and the same is hereby refused.