## LIGHTFOOT et al. v. ATLANTIC COAST LINE R. CO.

District Court, E. D. South Carolina. July 9, 1929.

Thomas & Lumpkin and Pinkney Cain, all of Columbia, S. C., for plaintiffs.

McKay & Manning, of Columbia, S. C., for defendant.

GLENN, District Judge. The plaintiffs in this suit are residents of the state of Missouri, the defendant Atlantic Coast Line Railroad Campany is a resident and citizen of the state of Virginia. The cause of action arose out of a shipment of poultry from Missouri to Florida, obviously and admittedly a transaction beyond the boundaries of South Carolina. This cause was begun in the court of common pleas for Richland county and was removed to this court by the defendant, who in due time interposed a demurrer to the jurisdiction, on the ground that a nonresident could not sue a foreign corporation in the state court on a cause of action which arose outside the state, and that the lack of jurisdiction in the state court inhered in the cause when removed here.

Section 774 of the Code of Laws of South Carolina for 1922, volume 1, involved herein, is as follows:

"An action against a corporation created by or under the laws of any other state, government, or country may be brought in the circuit court:

"1. By any resident of this state, for any cause of action.

"2. By a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated, within the state."

The Supreme Court of South Carolina has decided that a nonresident can sue a foreign corporation *only* in the two instances specified in subdivision 2 (Central Railroad, etc., Co. v. Georgia Const., etc., Co., 32 S. C. 319, 11 S. E. 192), and its interpretation of a South Carolina statute is followed by this court.

The cause of action neither arose in this state, nor is the subject of the action situated here; hence the state court was without jurisdiction. The jurisdiction of this court in a cause removed here is derivative. It is fittingly said by Judge Ervin in Southern Bridge Co. v. United States Shipping Board (D. C.) 266 F. 747, 748:

"Bringing the case here from the state court does not recreate it, or give any more life to the original complaint which was filed in the circuit court, than it then had. It merely removes what, if any, suit was pending in the state circuit court, and, if that court had no jurisdiction of the suit which was removed here, then it would be my duty to so declare on the question being properly raised, even though such a suit might have been brought in this court in the first instance."

The state court being without jurisdiction, this court is without jurisdiction, even had it been a cause that might have been brought here in the first instance. Lambert Run Coal Co. v. B. & O. R. Co., 258 U. S.

377, 42 S. Ct. 349, 66 L. Ed. 671; Venner v. Michigan Central R. Co., 271 U. S. 127, 46 S. Ct. 444, 70 L. Ed. 868. And there is grave doubt whether under the circumstances this court initially could entertain the cause. In Louisville & Nashville R. Co. v. Chatters, 49 S. Ct. 329, 330, 73 L. Ed. page ——, the court says:

"A foreign corporation is amenable to suit to enforce a personal liability, if it is doing business within the jurisdiction in such manner and to such extent as to warrant the inference that it is present there. Lafayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; Connecticut Mut. L. Ins. Co. v. Spratley, 172 U. S. 602, 43 L. Ed. 569, 19 S. Ct. 308; St. Louis Southwestern R. Co. v. Alexander, 227 U. S. 218, 57 L. Ed. 486, 33 S. Ct. 245, Ann. Cas. 1915B, 77. Even when present and amenable to suit, it may not, unless it has consented (Pennsylvania F. Ins. Co. v. Gold Issue Min. & Mill. Co., 243 U. S. 93, 61 L. Ed. 610, 37 S. Ct. 344; Smolik v. Philadelphia & R. Coal & I. Co. [D. C.] 222 F. 148), be sued on transitory causes of action arising elsewhere which are unconnected with any corporate action by it within the jurisdiction (Old Wayne Mut. Life Ass'n v. McDonough, 204 U. S. 8, 51 L. Ed. 345, 27 S. Ct. 236; Simon v. Southern R. Co., 236 U. S. 115, 59 L. Ed. 492, 35 S. Ct. 255)."

To the same effect, see Morris & Co. v. Skandinavia Ins. Co., 49 S. Ct. 360, 73 L. Ed. page ——; Robert Mitchell Furn. Co. v. Selden Breck Const. Co., 257 U. S. 213, 42 S. Ct. 84, 66 L. Ed. 201; Simon v. Sou. Ry. Co., 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Old Wayne Mutual Life Ass'n v. McDonough, 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345.

■ The position taken by the plaintiffs that, in taking the requisite steps for removal and in interposing the demurrer to the jurisdiction, the defendant has voluntarily submitted to the jurisdiction of this court, is untenable. Obviously the filing of a demurrer to the jurisdiction cannot constitute a waiver of the very object therein sought, and the Supreme Court of the United States has repeatedly held that removal of a case to the District Court does not waive jurisdiction of the person of the moving party. Morris & Co. v. Skandinavia Ins. Co., 49 S. Ct. 360, 73 L. Ed. ——; General Investment Co. v. Lake Shore & M. S. R. Co., 260 U. S. 261, 269, 288, 43 S. Ct. 106, 67 L. Ed. 244, 252, 260; Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900; Wabash Western R. v. Brow, 164 U. S. 271, 279, 17 S. Ct. 126, 41 L. Ed. 431, 434.

■ The Atlantic Coast Line Railroad Company is not only sued here as a foreign corporation, but its character as such unquestionably has not been affected by its compliance with the local domestication laws, which is a condition precedent to a railroad company doing business in the state, or by the absorption of a local railroad company. This fact is definitely determined by decisions of the Circuit Court of Appeals of this circuit. Lee v. Atlantic Coast Line R. Co. (C. C.) 150 F. 775; Atlantic C. L. R. Co. v. Dunning (C. C. A.) 166 F. 850.

It appearing that the court of common pleas for Richland county had no jurisdiction of the cause as first brought, that there has been no waiver of jurisdiction on the part of the defendant, and that removal to this court was effected properly, now, therefore, it is ordered that the demurrer interposed to the complaint by the defendant be and the same is hereby sustained.