### O'HARE v. DAYTON & UNION R. CO.

District Court, S. D. New York.

Aug. 15, 1933.

Frank M. Swacker, of New York City, for plaintiff.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Jesse C. Millard, of New York City, of counsel), for defendant, appearing specially.

PATTERSON, District Judge.

The motion is by the defendant, appearing specially, to vacate an order permitting service by publication, to vacate service of process made upon the defendant outside the state of New York, and to dismiss the suit for lack of jurisdiction over the person of the defendant.

The suit was commenced in the New York Supreme Court and is here on removal. The complaint is framed to state a cause of action in equity. It is alleged that the plaintiff owns certain bonds issued by the defendant, and that the defendant has refused to recognize the bonds as valid. The relief demanded is that the bonds be adjudged valid obligations of the defendant; that the plaintiff be adjudged the lawful owner; and that the defendant be required to register the bonds in the plaintiff's name. The plaintiff procured from the state court an order for service by publication, on the ground that the defendant did no business in the state. This was followed by service of the summons and complaint on the defendant in Baltimore, Md. No property has been attached here.

The defendant's affidavits show that the defendant is an Ohio corporation owning a small railroad in Ohio and Indiana. It has no property, agents, or place of business in New York and transacts no business here.

The plaintiff is apparently proceeding on the theory that this is a suit in rem, to establish his title to the bonds. But it is plainly a suit in personam. New York Life Insurance Co. v. Dunlevy, 241 U. S. 518, 36 S. Ct. 613, 60 L. Ed. 1140; Hanna v. Stedman, 230 N. Y. 326, 335, 130 N. E. 566.

The defendant is not an adverse claimant of title to the bonds. It is merely the obligor. In so far as the plaintiff seeks to have the bonds declared valid obligations of the defendant, the suit is purely in personam. The suit is in reality one to enforce a chose in action. It is equally clear that in so far as the plaintiff seeks to compel the defendant to register the bonds in his name, the suit is again one in personam. In its jurisdictional aspect, the case is the same as if the plaintiff sued the defendant at law on the bonds and

demanded a money judgment for the principal and interest alleged to be owing.

· The defendant is a nonresident and has never been served in New York. It has not appeared generally or in any way subjected itself to the jurisdiction of the state court or of this court. Any judgment that might be entered in the suit would be an utter nullity. It follows that the relief sought should be granted, for want of jurisdiction over the defendant. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565; Hassler, Inc., v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900.

It appears that the defendant made a prior motion for the same relief, which was denied by Judge Bondy. The memorandum of Judge Bondy shows that the ground of the denial was that the motion was made too late. The defendant's time to make the motion has since been extended by order of the court, so that the present motion is not open to the same objection.

The motion will be granted, the order for service by publication and service outside the state vacated, and the suit dismissed for lack of jurisdiction over the defendant.