**STREET & SMITH PUBLICATIONS, Inc., v. SPIKES.**

**No. 9691.**

Circuit Court of Appeals, Fifth Circuit.

June 12, 1941.

See, also, 5 Cir., 107 F.2d 755.

Neil P. Cullom, of New York City, and J. I. Kilpatrick and E. L. Klett, both of Lubbock, Tex., for appellant.

G. E. Lockhart and Franklin D. Brown, both of Lubbock, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought by plaintiff, a citizen of Texas, against defendant, a foreign corporation, organized under the laws of New York, and without permit to do business in Texas, was for libel. The alleged defamatory article was made and published by defendant in Western Story Magazine, a magazine printed in Chicago, Illinois, and sold and distributed in Texas under the usual magazine dealers contract.

Summons to defendant by service of the writ upon "K. H. Page, as defendant's local agent in Ft. Worth, Texas", was sustained over defendant's motions and pleas, that it was not doing and had never done business in Texas, so as to be present there,[1] and that K. H. Page was not an officer, agent or other representative upon whom service could be had.[2] Thereafter, defendant, not appearing generally, or otherwise submitting itself to the jurisdiction of the court, but reserving all its pleas, motions and objections, answered, and there was a trial before a jury, with a verdict and judgment against defendant. Defendant is here insisting; (1) that it was error to overrule its motions and pleas to the jurisdiction; (2) that if mistaken in this, the pleading and proof did not support plaintiff's claim of defamation by the alleged libelous publication.

Because we think it clear that appellant's motions and pleas were well taken, and that the proceedings subsequent to their

---

[1] Creager v. Collier & Son, D.C., 36 Fed.2d 783, where the cases are collected and discussed.

[2] Article 2031, Revised Civil Statutes of Texas of 1925, Vernon's Ann.Civ.St. art. 2031, provides: "In any suit against a foreign corporation, joint stock company or association, or acting corporation or association, pending or hereafter filed in this State, to which any foreign corporation is a party or is to be made a party, process may be served on the President, Vice-President, Secretary, Treasurer, General Manager, or upon any local or travelling agent or travelling salesman of such corporation, joint stock company or association, or acting corporation or association in this State."

overruling, were without jurisdiction, we will not consider the point it makes on the merits. The evidence on the jurisdictional point is undisputed and may be briefly stated. Plaintiff is incorporated under the laws of New York, its principal place of business is in the City of New York. It has not and has never had a permit to do business in Texas, and its publications are distributed interstate, through dealers who purchase its magazines and themselves distribute them in the states. K. H. Page, its Texas distributor, under a wholesale distributor's contract, purchases and sells its magazines in Texas, as its distributors in other states purchase and distribute them there. Page, the Texas distributor, bought magazines, not only from appellant but from other publishers, and sold them to dealers in Texas, only 3 to 5% of his business being done with appellant.

Page, like the other distributors, maintained an individual place of business, at his own expense, paying his own rents and salaries; if any of his customers defaulted, the loss fell on him. Appellant, never had any office or place of business in Texas, never had any agent or other representative in the state; never had or kept any publications in the state for sale; never solicited any business in the state; never entered into any contracts nor kept any bank account nor made any collections there. Monthly checks of the distributor are mailed to New York and in the event of default on his part, his indebtedness is liquidated by a cash deposit, held by appellant in New York as security for the faithful performance of the obligations of his distributor's contract. Among its material obligations the contract requires the publisher to supply magazines and periodicals, f. o. b., Lubbock, Texas, at its regular price and terms, and requires the distributor to pay for the magazines and periodicals, delivered to him under the contract, at the prices and upon the terms set forth in the invoices.

In summary, appellant has no office, officer, director, executive, statutory or other agent or employee, in Texas; it never conducted any of its executive functions in that State and at no time had a bank account, property, books, corporate or other records in Texas. It makes no purchases or sales in that State; it makes no deliveries in Texas and receives no payments there. There is no one in Texas who has any authority to make any contracts of any kind for the appellant. All of its activities and functions, executive, ministerial or otherwise are conducted outside Texas.

On his part, appellee relies on certain provisions of the contract, in effect requiring the distributor to keep the periodicals sent him by the company moving and to further their wider distribution by distributing to retailers, advertising matter, etc., which the company may provide him. It particularly relies on the provision of the contract that copies of the periodicals which are returned to the distributor, must be destroyed, and the title to them remains with the company until they are destroyed; and on the provision that the contract may be terminated among other things for unsatisfactory service to the company.

We think these provisions are without significance in determining the question here, which is, whether the company was doing business in Texas so as to be present there, and whether Page was their agent in the doing of that business, so that service upon him would subject it to the court's jurisdiction. It is settled law that in order to hold a foreign corporation, not licensed to do business in a state, responsible under the process of a court of that state, the record must disclose that it was carrying on business there at the time of the attempted service, in such wise as in effect to be present there. Consolidated Textile Corp. v. Gregory, 289 U.S. 85, 53 S.Ct. 529, 77 L.Ed. 1047; Whitaker v. MacFadden Publications, Inc., 70 App. D.C. 165, 105 F.2d 44; Creager v. P. F. Collier & Son Publishing Co., D.C., 36 F. 2d 783; Jno. A. Dickson Publishing Co. v. Bryan, Tex.Com.App., 5 S.W.2d 980, 60 A. L.R. 983; Southwest General Electric Co. v. Nunn Electric Co., Tex.Com.App., 283 S.W. 781; Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289; Hassler v. Shaw, 271 U.S. 195, 46 S.Ct. 479, 70 L.Ed. 900; Mexican Central Ry. Company v. Pinkney, 149 U.S. 194, 13 S.Ct. 859, 37 L.Ed. 699; General Investment Company v. Lake Shore Co., 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244; Ervin v. Quintanilla, 5 Cir., 99 F.2d 935.

Appellant, a foreign corporation was not within the jurisdiction of the court unless it was before the court by reason of the valid service of process or a general appearance. Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289. In the light of these authori-

898

ties, it is perfectly clear upon the record here, that appellant was not doing business in Texas, so as to be present there, and that Page was not its agent or other representative, so that service upon him would be service upon the company. It is equally clear that defendant was not before the court by reason of a general appearance. At all times and at every stage of the proceedings, defendant reserved its pleas and motions to the jurisdiction and in no manner waived them. At no time did it enter a general appearance or in any wise consent to the jurisdiction of the court.

The judgment is reversed and the cause is remanded with directions to sustain defendant's pleas to quash the jurisdiction.

Reversed and remanded.