PROVO STY, J.
[1] The defendant owed plaintiff five notes, which matured in the latter part of 1914. and on an open account for goods sold in 1914 and in February, 1915. The indebtedness was never questioned. On the trial it was proved by two witnesses, and was not denied, except by the purely formal denial of the answer. In the course of 1915 the defendant wrote plaintiff ten letters in which he asked for time, and promised to pay. These were in answer to duns; and when plaintiff threatened suit defendant countered with the threat that if sued he would “law” plaintiff to the end. When actually sued, he repeated his threat, and added he would pay only after final judgment by the Supreme Court. He took a suspensive appeal; and when plaintiff applied to have the case put on the preference docket because the congested condition of the ordinary docket might delay a hearing in this court for a couple of years, he opposed the application. Very evidently, then, his resistance to the suit has been merely for delay, and as a consequence a penalty for frivolous appeal must be imposed upon him, if his appeal is found to have been frivolous.
[2, 3] As he made no appearance in this court it is not known with certainty what he relies on, if on anything. In the lower court he filed an exception to the citation, based on the alleged fact that the return of the sheriff did not “show upon its face the date of delivery.” Delivery of what and to whom is not stated. 1-Ie cannot be relying on that exception in this court, for he has not brought up in the transcript this return to enable this court to ascertain whether, as a matter of fact, the dates of delivery of the citation by the clerk to the sheriff and by the sheriff to the defendant, which are required by law to be stated in the return, were or not so stated. In the absence of this evidence this court cannot say whether the exception was, or not, well founded in fact; but whether so founded or not, and whether having any merit if so founded, it was properly overruled, for simultaneously with it, on the same sheet of paper, defendant filed an answer to the merits, which,.being a voluntary appearance, served every purpose of citation (the sole function of which is to bring the defendant into court), and hence vacated the exception completely. That any appearance except distinctly for the sole purpose of objecting to the jurisdiction or to the citation amounts to an appearance which *1041 stands in place of citation, see 4 C. J. 1316; 2 R. C. L. 327, 331. The appearance of defendant was not for the sole purpose of excepting to the citation, since it was also for the purpose of filing an answer to the merits. Defendant stated in the exception that he appeared for the sole purpose of the exception, and in the answer he stated that he filed the answer only on condition that the exception be overruled, and with full reserve of the exception; but the statement that defendant appeared for the sole purpose of the exception was contradicted by the fact that he appeared also for the purpose of the answer, since he did as a matter of fact file the answer. In City v. Walker, 23 La. Ann. 803, where the answer was thus conditional, the court said:
“The want of citation is cured by the appearance of defendant in the suit for any other purpose than to allege the want of citation.”
And in Heard v. Patton, 27 La. Ann. 542, this court said:
“It has often been held that a defendant appearing to except to the citation cannot at the same time urge any matter of defense.”
[4] On the merits the only contention seems to have been that the allegations of the petition were not sufficient to admit proof of the delivery of the goods. The petition with the itemized account annexed to, and made part of, it showed that defendant owed plaintiff for goods bought by him of plaintiff, and showed what the goods consisted of and the dates of purchase. What more information defendant needed than this for making his defense we cannot imagine. The letters of defendant and the testimony showed beyond cavil that the debt was due. The appeal we think was frivolous.
It is therefore ordered, adjudged, and'decreed that the judgment appealed from be affirmed, and that defendant be condemned to pay plaintiff 10 per cent, additional on the amount thereof, with legal interest from this date, and the costs of this appeal.