SNYDER ET AL. v. DAVIDSON ET AL.

(June 16, 1930. Opinion and Decree.)
(November 20, 1930. Rehearing Granted.)
(December 1, 1930. Opinion and Decree on Rehearing.)
(January 5, 1931. Writs of Certiorari and Review Granted by Supreme Court.)
(March 30, 1931. Opinion and Decree by Supreme Court.)

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiffs, appellees.

Titche, Kiam & Titche, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. George W. Davidson & Co. is a partnership domiciled in Louisiana and composed of George W. Davidson, Charles F. Davidson, and Emile F. Davidson, all citizens of Louisiana.

Plaintiffs are citizens of Ohio.

Plaintiffs claimed that, as the result of a commercial transaction, George W. Davidson & Co. and the individual members thereof became indebted to them in the sum of $1,373.61, with interest, etc., and some time after the events which gave rise to the claim George W. Davidson, while attending an apple dealers' convention in Cleveland, Ohio was cited in a suit filed in an Ohio court by the present plaintiffs against George W. Davidson & Co. and the individual members mentioned above.

Thereupon the various defendants named, through attorneys, filed in the Ohio court a motion "to quash the action" on various technical grounds with reference to the service of the summons and with regard to the return thereon, and particularly on the ground that the court lacked jurisdiction and that no service could be made on, George W. Davidson & Co. in Ohio, and therefore none could be made on the individual members in a matter growing out of a partnership transaction.

The technical grounds, having to do with the qualifications of the officer who served the summons and with the form of the return, we find it unnecessary to discuss.

The motion to quash was granted, but, after certain amendments to the return were made, a new trial on the motion was

ordered, and it was then overruled and defendants found themselves under the necessity of determining whether they would make no appearance at all or would, after reserving the benefit of their motion to quash on jurisdictional grounds, defend on the merits.

They chose the latter course, and in their answer stated:

"Defendants deny that this court has any jurisdiction over their person. The subsequent defenses pleaded herein shall be without prejudice to their first defense. * * *"

They thereupon presented, in their answer, their defenses on the merits of the controversy. But, as we are not concerned with the merits of that affair, we deem it unnecessary to discuss the remaining details of their answer and think it important only that it be borne in mind that before answering, defendants objected to the jurisdiction of the court and made no other appearance until that objection had been overruled and, that, in their other appearance, they specifically reserved the benefits of any rights which they may have had as the result of their objection to the jurisdiction.

Thereupon the case in the Ohio court was called for trial, and the court rendered what plaintiffs in the present suit contend is a judgment in their favor for the amount prayed for and for costs, and this suit which is now before us is for recognition here of that judgment which plaintiffs claim they obtained in Ohio.

The defendants interpose two defenses:

First, that the exemplified record on which this suit is brought contains no judgment.

Second, that the Ohio court was without jurisdiction to render a judgment against the Louisiana partnership or against the members thereof in a suit growing out of a partnership transaction.

The so-called judgment which we find in the record is in a form with which we are entirely unfamiliar and appears to be rather a minute entry made by the clerk than a formal judgment signed by the judge, but, since we agree with defendants in their second contention that the Ohio court was without jurisdiction, it is unnecessary to discuss the first, though we are unable to suppress the inclination to remark that though the judgment appears to us most unusual in form there is in the record ample expert testimony in support of plaintiffs' contention that it conforms with the laws and customs of Ohio, and no one will deny that in order to determine just what a judgment means recourse may be had to the entire record, pleadings, etc. Sharp et al. v. Zeller et al., 114 La. 549, 38 So. 449, and Peniston v. Somers, 15 La. Ann. 679.

Plaintiffs stoutly maintain that, even if the Ohio court had no jurisdiction over the persons and over the partnership, any objection thereto has been waived and abandoned by the general appearance of all of the defendants in that court.

The general appearance was filed only after the court had refused to quash the service, and in the general appearance all rights which the defendants may have had under the motion to quash were reserved to them.

An objection to the jurisdiction ratione personæ is waived and abandoned by an unqualified appearance and even an alternative appearance, if coupled with a plea to

the jurisdiction is considered as a waiver of that plea. Iddle v. Hamler Boiler & Tank Co., 132 La. 476, 61 So. 532; True Tag Paint Co. v. Wellman, 142 La. 1038, 78 So. 109.

Here, however, the first appearance of defendants was for one and only one purpose—to object to the jurisdiction of the court, and no other appearance was made until that objection had been passed upon. That objection having been overruled, they were not bound to permit judgment to go against them without filing any defense, but were justified in answering after unequivocally reserving the benefit of their former plea.

A careful review of the innumerable cases in the various digests touching upon the question of whether a plea to the jurisdiction is waived by a general appearance filed after the overruling of the plea, and whether the taking of an appeal after judgment has been rendered on the merits constitutes a waiver of the plea indicates that there is great diversity of opinion on this matter. We cannot see that any good purpose can be served by our referring to those multitudinous cases. Suffice it to say that probably one hundred or more can be found supporting each view.

We find in Louisiana only one case which, on a first reading, seems to touch on the phase of the question which is here presented (Keyes v. Dade, 8 La. App. 257), but a study of the opinion rendered therein shows that in that case there was no exception to the citation filed in limine, but that the first time the question of the defective citation appeared was on application for a new trial. The court held that it had come too late; not that it had

been filed in time and had been waived by a later appearance.

In the absence of controlling authority we lean to the views expressed by the Supreme Court of the United States in Harkness v. Hyde, 98 U. S. 476, 479, 25 L. Ed. 237, in which is found the following:

"The right of the defendant to insist upon the objection to the illegality of the service was not waived by the special appearance of counsel for him to move the dismissal of the action on that ground, cr what we consider as intended, that the service be set aside; nor, when that motion was overruled, by their answering for him to the merits of the action. Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when being urged it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

To the same effect is the syllabus in Hassler, Inc., v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900, a portion of which reads as follows:

"Where, after denial of motion to set aside service by state court, without prejudice to right to set up defense of lack of jurisdiction by answer under state statute, case was removed to federal court and defendant, after pleading that court had no jurisdiction because of failure of service, pleaded to merits, held, that pleading to the merits was not general appearance, waiving right to object to jurisdiction."

Every litigant is entitled to an appeal as a matter of right, thus, when the judgment in the trial court went against the

defendants they were entitled to their appeal, and it would be most illogical to say that by exercising that right they waived their objections to the jurisdiction.

Since, then, their right to object to the jurisdiction of the Ohio court, which rendered the judgment which is here sued on, has never been waived or abandoned by defendants, and since they now again in this suit raise that objection, it behooves us to investigate their contention on this point.

We repeat that the transaction which gave rise to the Ohio suit was one between the plaintiffs and the partnership, George W. Davidson & Co. Except as members of the partnership, no one of the partners had any connection with the matter. There is a vast distinction between the liability of a partner resulting from a partnership transaction and that resulting from individual action. If a member of a partnership, for example, operates a motortruck for the benefit of the partnership, and, while so doing, negligently kills or injures a third person, that member of the partnership is liable in two different capacities. First, as the individual whose negligence is responsible for the accident, and, second, as a member of the partnership whose servant, acting within the scope of his employment, is liable.

The individual liability may be sued on wherever that member of the partnership may be found, but the liability resulting from the membership in the partnership cannot be asserted except where the partnership may be properly brought into court. Here, as we have stated, there was no individual liability in any member of the partnership, except as a result of his interest in the partnership, and that partnership cannot be brought into court in Ohio merely by reason of the fact that one of the members thereof by chance was present in Ohio when service was made or attempted to be made on the partnership through him. Code of Practice, article 165, paragraph 2.

We are not called upon to solve the problem which would have been presented had it been shown that the law of Ohio, with reference to jurisdiction in suits against corporations, is different from that of Louisiana, because the record is silent on this subject and in the absence of a showing to the contrary we assume that in Ohio, as in Louisiana, a corporation must be sued at its domicile.

As to the partnership itself, and as to those members thereof who were not present in Ohio, it is as clear as the noon-day sun that no jurisdiction existed in the Ohio court to render judgment against them in a suit in which the citation was served only upon George W. Davidson. Nor is the situation different with reference to George W. Davidson since, as we have shown, his liability resulted solely from his membership in the partnership and not from any independent individual act and thus, so long as the firm remained in existence, he could be sued only through his membership in it, and, therefore, only where it, the partnership, could be sued.

In Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, 900, the Supreme Court said:

"The liability of commercial partners, while solidary, in the sense that they and each of them may ultimately be required to pay the whole of its debts, yet it is not a primary one; neither is it a conventional liability, but one which the law alone imposes, in consequence of the relation of the parties and the character of the business

in which the firm is engaged. Until the debt is established contradictorily with the partnership, so long as it exists, there is no debt within the meaning of article 2872 of the Civil Code, which can be enforced against the individual partner."

The court in that case cited with approval Key v. Box, 14 La. Ann. 497, in which it was said:

" 'Under the law of Louisiana a commercial partnership is an entity, capable of being sued, is brought into court as defendant by service of citation upon one of its members, and while the ultimate liability of the parties is in solido—i. e., joint and several—they, during the life of the partnership, cannot be charged individually except through the partnership; that is, during the life of the partnership a partner is, like a corporator in a corporation, liable and made to respond individually only through a judgment against the intellectual being of which he is a component part.' Liverpool, B. & R. P. N. Co. v. Agar [C. C.] 14 F. 615."

This doctrine was approved in American Photo Player Co. v. Simon, 151 La. 708, 92 So. 307.

Our conclusion is that the Ohio court did not have jurisdiction over the partnership nor over any of its members to render judgment in a matter growing out of a partnership transaction, and that the judgment rendered under such conditions is a nullity.

The judgment appealed from is reversed, and the suit dismissed at the cost of appellees.

## ON REHEARING

JANVIER, J. Rehearing was granted because of the insistence of counsel for plaintiff that an application for a new trial on the merits constitutes a waiver of an objection to the jurisdiction and because such contention was not adequately considered or discussed in our original opinion.

It is conceded that the judgment rendered by the Ohio court and which forms the basis of this suit was, when rendered, an absolute nullity because of the lack of jurisdiction in the Ohio court over the persons or property of the defendants. It is contended, however, that, although the judgment, when rendered, was entirely without legal effect, nevertheless, by their request to the Ohio court to grant them a new trial, defendants waived their theretofore reserved objections to the jurisdiction of that court and that thereafter the refusal of that court to grant a new trial and the affirmance of the judgment by the appellate court gave life thereto and entitles that judgment to full faith and credit here.

Our original opinion (129 So. 185) was based largely on two decisions of the Supreme Court of the United States: Harkness v. Hyde, 98 U. S. 476, 479, 25 L. Ed. 237, and Hassler v. Shaw, 271 U. S. 195, 46 S. Ct. 479, 70 L. Ed. 900, in each of which it was held that a defendant, improperly sought to be brought into a court without jurisdiction, may, if he first objects to the jurisdiction and thereafter properly reserves his rights under such objection, nevertheless answer to and go to trial on the merits, without waiving his rights under his objection to the jurisdiction. In the Harkness case a motion for new trial was made by defendant and as the result of that motion the judgment was reduced, and, thus, that decision is clearly authority for the view that an application for a new trial, including other than jurisdictional questions, should not necessarily be considered as a waiver of previously made objections to the jurisdiction.

It is true that in the reported opinion in that case it is not made to appear whether the application for new trial contained a reservation of rights under the previously filed objection to the jurisdiction, and it may be argued that such a reservation must have been actually present in the pleadings there, and it is argued here that the application which is relied on as constituting a waiver of the jurisdictional objection does not contain such a reservation.

This contention presents two questions: First, a proper interpretation of the wording of the application; whether it can be construed as containing an objection to the jurisdiction. Second, if it does not contain such an objection, was one necessary in view of the oft-repeated objections in the pleadings previously filed, and particularly in view of the objection contained in the answer or general appearance.

There can be no doubt that there was no actual intention on the part of defendants to abandon their objection and to accept the jurisdiction of the Ohio court. The entire record indicates persistent resistance in this regard, so that to construe the application for new trial as constituting an intentional waiver is impossible.

Suppose a new trial had been granted, what issues would have been presentable thereon? Could the objections to the jurisdiction have been again urged? Even if we concede for the moment that a new trial would not have re-opened for further consideration the previously filed special pleas to the jurisdiction, surely it would have placed again at issue all matters made controversial by the answer, and we find that in the answer or general appearance the first contention made was that the court was without jurisdiction. The first defense reads as follows:

"First defense. Defendants deny that this court has any jurisdiction over their persons. The subsequent defenses pleaded herein shall be without prejudice to their first defense."

If a defendant requests a new trial on issues presented by his answer and if his answer, in its opening allegation, contains a denial of jurisdiction, how is it possible to say that the application must be construed as a waiver of objection to jurisdiction? It is true that the specifications of error set forth in the application for a new trial do not unequivocally contain an objection to the jurisdiction, nor a reservation of rights under previous objections, but surely, in view of the objections so often repeated theretofore, any ambiguity in that application should be construed not as a waiver, but, rather, in a contrary manner.

It is argued that, since full faith and credit should be given to the decision of a court of a sister state, the presumption follows that there has been a waiver of objection, since that judgment cannot be valid unless there has been such a waiver. If we are to indulge in presumptions, we cannot avoid presuming that no waiver was intended under the circumstances presented here. And this second presumption is more reasonable than the first because it is fair to presume that, where one has persistently objected, he will continue to do so, but the presumption that a foreign judgment is entitled to full faith and credit is much weakened by the fact that it is conceded that when that judgment was rendered it was totally invalid.

Furthermore, we believe that it would be most unreasonable to hold that a de-

fendant brought into a foreign court against his will, and over his objection, must, at the risk of losing his rights to object to the jurisdiction, repeat and reiterate his objections on every possible occasion.

In Harkness v. Hyde, supra, and in Hassler v. Shaw, supra, the Supreme Court of the United States has announced a most reasonable doctrine to the effect that, after proper objection to the jurisdiction and after being overruled on that question and, after reserving his rights under his objection, a defendant need not sit idly by and permit judgment to be rendered against him, but may then meet the issue to the best of his ability and attempt to prevent the rendition of a judgment against him, even by a court with no jurisdiction over him. If, then, he may avail himself of his defenses, surely it would be illogical to hold that his rights in this regard are limited to one trial in the nisi prius court, if, under the laws of the jurisdiction into which he has been forced, a litigant is granted the right to apply for a new trial and to appeal. Having been forced against his will to go to trial in a jurisdiction of his opponent's selection, he is entitled to the full measure of judicial supervision provided by the laws of that jurisdiction, and his recourse thereto cannot be construed as an abandonment of his previously existing objections thereto, if he has in the first instance unequivocally placed himself on record and has not thereafter, either affirmatively or by actions which plainly show acquiescence, withdrawn his objections.

Our original decree is reinstated and made the final judgment of this court.