162 So. 624

GORDON et al. v. BATES–CRUMLEY
CHEVROLET CO. et al.

No. 33328.

May 27, 1935.

Rehearing Denied July 1, 1935.

Hendrick & Hendrick and Harry V. Booth, all of Shreveport, for relators.

Irion & Switzer, of Shreveport (John C. Hollingsworth, of New Orleans, of counsel), for respondents.

ODOM, Justice.

The Bates-Crumley Company is a Louisiana corporation having its domicile and place of business in Shreveport, Caddo parish. It is engaged in the business of selling Chevrolet motorcars manufactured and distributed by the Chevrolet Motor Company, a foreign corporation, authorized to do business in this state with agents for service domiciled in the parish of Orleans.

The plaintiff Mrs. Anderson purchased a new Chevrolet automobile from the Bates-Crumley Company, in Shreveport, and a short time thereafter while driving the car on a public highway in the state of Mis-

sissippi, accompanied by her mother, Mrs. Gordon, the other plaintiff, the car left the road, was wrecked, and both occupants were injured.

Mrs. Anderson and Mrs. Gordon, who was a guest in the car, brought suit in the parish of Caddo against both the Bates-Crumley Company and the Chevrolet Motor Company for damages resulting from the personal injuries sustained in the state of Mississippi, where the accident occurred.

Plaintiffs alleged that the steering apparatus of the car was defective; "that the front drive link had become detached from the spindle arm, which had caused the drag link seat, springs and socket to become detached, which parts and attachments were integral and important parts of the steering apparatus of said automobile * * * that the absence of the attachments to the spindle arm directly affected the steering mechanism to the extent that the driver can not maintain any control whatever of the automobile." It is further alleged that the driver of the car lost control of it because of this defect to the steering device, and, having lost control of it, the accident was inevitable.

It is further alleged that this defect was due to faulty manufacture, and that the Chevrolet Motor Company, the manufacturer, was liable on that ground, and that the defect could, and therefore should, have been discovered by the Bates-Crumley Company, which sold the car to Mrs. An-

derson, and that it is liable for its negligence in not discovering the defect.

The Chevrolet Motor Company, in limine, filed exception to the jurisdiction of the court of Caddo parish ratione personæ, which was overruled by the trial court. Reserving its rights under the exception, it filed answer denying liability. The case was tried by jury, which rendered a verdict against the two defendants in solido in favor of plaintiffs. Defendants appealed to the Court of Appeal, which reversed the judgment against the Bates-Crumley Company on the ground that it was not guilty of negligence, and sustained the exception to the jurisdiction of the court of Caddo parish filed by the Chevrolet Motor Company. Plaintiffs applied to this court for writs, which were granted, and the case is now before us for review.

The sole issue presented is whether the Court of Appeal erred in sustaining the exception to the jurisdiction ratione personæ filed by the Chevrolet Motor Company, a foreign corporation.

The allegations of the petition affirmatively show that this is a foreign corporation authorized to transact business in Louisiana with agents for service in Louisiana domiciled in the parish of Orleans, and that the accident which caused the injury to plaintiffs occurred in the state of Mississippi. The accident having occurred in Mississippi and the foreign corporation having its Louisiana domicile in the parish

of Orleans, the only theory on which it could be held that this corporation could be sued in the parish of Caddo is that it is liable in solido with the Bates-Crumley Company, which has its domicile in the parish of Caddo. Paragraph 6 of article 165 of the Code of Practice reads as follows: "6. Joint or Solidary Obligors. When the defendants are joint or solidary obligors, they may be cited at the domicile of any one of them."

The only theory on which it can be said that these companies are solidary obligors is that they were joint tort-feasors. That is the theory on which plaintiffs sought to obtain jurisdiction over the foreign corporation in the parish of Caddo. The Court of Appeal held, and correctly, that the Bates-Crumley Company was not guilty of any negligence, and therefore not liable to plaintiffs; from which it follows necessarily that the two companies were not "solidary obligors" and hence the district court of Caddo parish had no jurisdiction over the foreign corporation.

█ Counsel for the relators contend that the Court of Appeal "erred in considering the merits of this case, in order to sustain appellant Motor Company's (the foreign corporation's) exception to the jurisdiction (ratione personæ) since the plea on this issue was not placed at issue, or adjudicated by the trial court."

Counsel do not mean, of course, that the question of jurisdiction was not raised or placed at issue in the trial court, because the Chevrolet Motor Company did, as shown by the record, except to the jurisdiction in limine and reserved its rights under that exception in every plea thereafter filed. What counsel mean is that the exception "on this issue," that is, the issue whether the defendants were joint tort-feasors and therefore liable in solido, was not adjudicated by the trial court; their argument being that the Chevrolet Motor Company waived its rights under the exception on this ground by permitting the trial court to pass upon it "on the face of the papers" and without introducing testimony in support of it or without having it referred to the merits.

The trial judge no doubt overruled the exception on the ground that he thought the allegations of the petition showed that the two companies were joint tort-feasors, and therefore solidarily liable. We can imagine no other reason he could have had. Our conclusion on this point is strengthened by the fact that counsel for the plaintiffs argued before the trial court, before the Court of Appeal, and contend here, that their allegations set out facts sufficient to show that the two companies were solidary obligors. They say in their brief filed in support of their application for writs that "the only issue presented to the trial court for adjudication on the exception, by the motor company and for that matter to the Court of Appeal, was whether the pleadings of plaintiffs disclosed the relationship of joint tort-feasors so as to come within paragraph 6, art. 165 of the

Code of Practice, and necessarily so since the exception was argued, briefed and submitted on the face of the papers." And they say further that: "A casual reading of the reviewable court's opinion (meaning the Court of Appeal) indicates that this court held that the allegations of the applicant's original and supplemental petitions disclosed the relationship of joint tort-feasors between the motor company and the dealer. This is undoubtedly correct." They say further, and this is the burden of their complaint here, that:

"Appellant motor company in submitting its plea to the court, without the taking of testimony, waived the same unless it was good on the face of the papers, or, secondly, that the failure of the motor company to have presented this issue to the jury, for its adjudication prevented appellate review."

The motor company necessarily had to submit its plea to the court in limine, which it did. The court decided, in line with counsel's view, that the plea was not good "on the face of the papers," and overruled it. The effect of that ruling was to put the question before the jury on all points involved, including the question whether both the Bates-Crumley Company and the Chevrolet Motor Company were guilty of negligence. The jury evidently believed that both were negligent. The verdict shows that it did because the two companies were held liable, in solido, for the damages sustained by plaintiffs.

Therefore, the issue which counsel say should have been presented to the jury was in fact presented to and passed upon by it, and under its interpretation of the facts the exception to the jurisdiction was not well founded.

The case went to the Court of Appeal on all points. It was not only the court's province, but its duty, to review the facts presented to the jury and to apply the law applicable. This it did, and found that the jury had erred in finding that the Bates-Crumley Company was guilty of negligence. Having so found, its holding that the plea to the jurisdiction filed by the Chevrolet Motor Company was good necessarily followed, because the jurisdiction of the district court of Caddo parish over the foreign corporation depended entirely upon whether there was joint negligence on the part of the two companies.

Counsel argue that the motor company, or the foreign corporation, having submitted its pleas to the court without taking testimony, waived its rights unless they were good on the face of the papers. But the facts disclosed did not support the allegations of the petition as to negligence. Counsel say further that the motor company should have had the exception referred to the merits so that the jury could pass upon it. The motor company could not control the court as to its disposition of the exception. The court could have referred the exception to the merits, but, instead, it ruled that the exception was not

good under the allegations, which ruling had the effect, as we have said, of referring the issue involved to the jury.

The case of New Orleans Great Northern R. Co. v. S. T. Alcus & Co., 159 La. 36, 105 So. 91, is cited in support of the contention that the motor company in the case at bar should have submitted testimony to support its plea to the jurisdiction at the time it was filed. Counsel say in their brief that: "The facts of the Alcus Case are somewhat different from the one at bar, but the principle there announced applies with equal force." The facts involved in the Alcus Case were so entirely different from those here involved that the cited case has no application here. In the cited case it was alleged that the defendant had its domicile in New Orleans, but was engaged in business in the parish of St. Tamany, where the suit was filed. The defendant excepted to the jurisdiction, ratione personæ, and the court held that the allegation that defendant was a corporation engaged in business in the parish of St. Tamany was sufficient, on the face of the pleading, to vest the court of that parish with jurisdiction over plaintiff's suit under section 1, subsec. (5), par. (d), Act No. 179 of 1918, which provides that, where a corporation is engaged in business in more than one parish, "the venue of the suit shall, at the option of the plaintiff, be in the parish where the action arose, or at the domicile of the corporation if the cause of action results from a trespass or an offense or quasi-offense; but if the cause

of action results from any other cause the venue of the action shall be in the parish where is or was located the particular office which has supervision of the transaction from which the cause of action arose or at the domicile of the corporation at the option of the plaintiff."

The cause of action in that case arose out of a contract of indemnity relating to the business of the defendant transacted in the parish of St. Tamany, and plaintiff could have brought its suit either at the domicile of the defendant or in the parish of St. Tamany, at its option. The court held that the exception to the jurisdiction had to be disposed of prior to the trial on the merits, and that "defendant should have submitted the evidence at the time of the trial of the exception." While the opinion does not so state, we infer that the "evidence" which defendant sought to introduce was to show that it was not engaged in business in the parish of St. Tamany, and for that reason the court of that parish had no jurisdiction. To determine that issue, it was not necessary for the court to hear the case on its merits, and as the petition disclosed on its face that the court of St. Tamany had jurisdiction, and as the judge acted upon the face of the papers in disposing of the exception, the court said "it was too late for the defendant company to adduce testimony as to venue under the averments of its answer."

In the case at bar, the plaintiffs having alleged that the accident and resulting in-

jury occurred in the state of Mississippi, and that the defendant Chevrolet Motor Company was a foreign corporation having its Louisiana domicile in the parish of Orleans, the petition showed on its face that the court of Caddo parish had no jurisdiction over it, unless, as alleged, it was a joint tort-feasor with the Bates-Crumley Company, which had its domicile in Caddo. Accepting the allegations of the petition that the two companies were solidarily liable, the court overruled the plea to the jurisdiction and ordered the case tried on its merits. The testimony which went to the jury was not introduced for the purpose of showing that the court had no jurisdiction, but was introduced on the merits. In view of the testimony introduced on the merits, the Court of Appeal held that the Bates-Crumley Company was not negligent, and having so found it correctly held that there was no in solido liability and reversed the ruling of the trial court on the exception. The ruling by the Court of Appeal was correct.

It is suggested in the application for the writ that inasmuch as the motor company moved for a new trial without reiterating its protest to the jurisdiction, it waived that plea. There is no merit in that suggestion. The plea to the jurisdiction was filed in limine, and in some seven or eight pleadings, including the answer, later filed, the motor company reserved its rights under the original plea. It was not necessary that it reiterate that plea in its motion for a new trial. Snyder et al. v. Davidson et

al., 15 La. App. 695, 129 So. 185, 131 So. 64 (Orleans Court); same case on writ of review, Supreme Court, 172 La. 274, 134 So. 89.

For the reasons assigned, the judgment of the Court of Appeal is affirmed.