This case has been before us on two former occasions, both times, however, on exceptions of no cause and no right of action. We have disposed of those issues in our former opinions. See 182 So. 365. The case is now before us on its merits from a judgment in favor of plaintiffs rendered by the lower court.
The material facts in the case are not disputed, although nearly 200 pages of testimony were taken down by the court reporter on the trial of the case.
The suit is one for damages for an injury sustained by Mrs. Olga S. Ortego when a bottle of root beer, a carbonated Nehi bottled drink manufactured, sold and delivered by the Alexandria Nehi Bottling Company, Incorporated, exploded and the flying glass cut Mrs. Ortego on the hand at the base of the thumb. Mrs. Ortego's husband, as head and master of the community existing between them, joins his wife as plaintiff in the suit, claiming damages for the expenses he sustained as the direct and proximate result of the injuries suffered by his wife.
In their original petition, plaintiffs alleged the cause of the explosion was due to the negligence of the defendant corporation and its employees, in the following language:
"1. Your petitioner, Olga S. Ortego, now shows that the injury received and complained of was caused through no fault whatsoever of herself nor any contributing factor on her part whatsoever, but was caused solely, only wholly and entirely and proximately because of the gross negligence and carelessness of the said Nehi Bottling Company, Inc., and/or its employees, in that according to information received by your said petitioner from sources deemed reliable and so alleging, the carbonation of said exploding bottle was entirely too great, excessive and altogether beyond the limits of reasonable safety, ordinarily, reasonably and prudently observed in carbonating bottled drinks for ordinary distribution for the consuming public, and that because of said excessive carbonation resulting from the negligence and careless filling and crowning of said bottle at the plant of the said Nehi Bottling Company, Inc., the said explosion resulted with the resultant injury above set forth.
"11. Your petitioner, Olga S. Ortego, now further shows that should it be found that it was not due to excessive *Page 675 
carbonation as above set forth, then the said Olga S. Ortego shows that in the alternative and in addition to the said excessive carbonation, the glass bottle containing said Nehi drinks and so exploding, as above set forth, was defective and below the required tensile strength necessary to contain said carbonated drinks, and that the said Nehi Bottling Company, Inc. was negligent and grossly careless in the use of such a bottle and the distributing of same to dealers for handling and sale to the consuming public, and that because of said defective bottle, and through no fault or act of your petitioner, Olga S. Ortego, same exploded with resultant injury, above set forth.
* * * * * *
"15. Your petitioner, Edward W. Ortego, further shows that he adopts and affirms as his own, the allegations above set forth, in regard to the circumstances and facts concerning the infliction of said injury as averred and alleged by petitioner, Olga S. Ortego, hereinabove, and alleges the sole, only, moving and proximate cause of said injury, as above set forth, to have been the recklessness and carelessness alleged in detail, in the preceding allegations of petitioner, Olga S. Ortego."
They reiterated these charges of negligence in each of their amended petitions.
Defendants denied they were guilty of any negligence and, in the alternative, if they were, that the negligence of plaintiff, Mrs. Ortego, was a proximate, contributing cause, which is a bar to her recovery and also the recovery of her husband, in the following language:
"10. The allegations of Paragraph 10 are denied.
"Further answering said Paragraph 10, defendant avers that the Alexandria Nehi Bottling Company, Inc., the seller of the said bottled beverage of which plaintiff complains, in operating their bottling plant, had same equipped with modern, standard, scientifically designed machinery and bottling equipment; that the said company acquired bottles in carload lots from responsible bottle makers whose reputation for selling and delivering standard, safe and efficient bottles and glassware was of the highest, and that the bottled beverages which were sold to the said plaintiff on the date complained of, were prepared and filled with the greatest care and by the use of modern, scientific automatic bottling equipment which efficiently and automatically regulates the amount of carbonated gases inserted in, and the pressure of said gases in such prepared bottled drinks; that the said bottled drinks which were delivered to the said plaintiff were prepared and filled with extreme care with modern and efficient bottling machinery, were not excessively carbonated, carelessly filled or crowned, and that the agents and employees of the said liquidated corporation that manufactured said beverages and filled said bottles so delivered, were in no manner negligent and careless in the preparation and delivery of said bottled drinks.
"11. Defendants deny the allegations of Paragraph 11 of plaintiffs' petition; and
"Further answering, same aver that the bottles used in the manufacture of bottled beverages referred to in plaintiffs' petition, were standard bottles and manufactured by standard responsible bottling companies, and were of the best grade obtainable by the said liquidated corporation, and that said automatic bottling machinery by which said bottles were filled, automatically controls the pressure of the gases in each bottle filled, unless said bottles were carelessly handled, became extremely hot or extremely cold, they seldom, if ever, break or explode when bottled with said automatic bottling machinery.
* * * * * *
"Defendants aver that the sole and proximate cause of the breaking of the bottle and any possible injury resulting therefrom to Mrs. Ortego was due to her negligence and the manner in which she handled or attempted to open said bottle; that the bottles were delivered to her place on a hot day; were stacked on an open truck as is customary in delivering bottled drinks, and no doubt said bottles were very warm as a result of being exposed to the sun while being delivered, all to the knowledge of Mrs. Ortego; that she had been connected with the sale of cold bottled beverages for many months, was familiar with the danger of subjecting said bottled drinks to sudden changes of temperature and sudden jerks and movements while extremely warm, and that she roughly and carelessly and imprudently handled said freshly delivered bottles which knowingly were warm from being exposed to the sun, in a rough and careless manner, subjecting said bottles to a sudden change in temperature, all of which were the sole proximate cause of any breakage, or any injury to the said plaintiff, and said negligent acts were the proximate cause and contributed to the said *Page 676 
accidental injury, and therefore, bar the recovery of her and her husband."
Plaintiffs now in this court are relying entirely on the doctrine of "Res Ipsa Loquitur".
Plaintiffs were engaged in a sandwich and cold drink business on the outskirts of Alexandria, Louisiana. They had for some time been purchasing carbonated soft drinks from the Alexandria Nehi Bottling Company, Incorporated. On July 6, 1936, between the hours of 1 and 2 o'clock P.M., the driver of one of the said Bottling Company's trucks delivered to plaintiffs several cases of soft drinks and replaced two bottles of root beer which had been previously broken. Soon after the delivery was made, Mrs. Ortego went behind the counter to see if the delivery man had replaced the root beer and for the further purpose of placing some of the bottles in the ice box. There is no other witness as to what happened from that time until the accident, other than Mrs. Ortego. She testified that as she leaned over preparing to get the bottles, but before she had reached them, the root beer bottle exploded and the flying glass cut her hand at the base of the thumb. There is no other witness to corroborate Mrs. Ortego and none to deny what she had to say as to how the accident occurred. The lower court accepted her version of it and we have no reason not to do so.
Plaintiffs also offered the testimony of several witnesses to show that occasionally a bottle of carbonated soft drink will explode in the case without anyone being near it. No one can doubt this being a fact. That such does happen is common knowledge. However, as the testimony of all witnesses show, this is not peculiar to the Nehi products. It happens to Coca Cola and all other carbonated drinks and is, no doubt, in most instances due to a weak or defective bottle of which the bottler is not aware and has no way of knowing that it is defective unless he was required to test the tensile strength of each bottle before filling it.
The testimony in this case shows without contradiction that defendants' plant is modern and equipped with standard bottling apparatus and machinery; that the number of pounds pressure due to the carbonated gas put into each bottle is fixed by a chart furnished by the Nehi Company and that this is regulated by gauges, three or four in all; and that when the gauge is set, it is impossible for more gas to get into the bottle than is called for by the gauge. There is a chance for the pressure to be too low but never to be too high for the simple reason that when an excess amount is attempted to be placed in the bottle, it is taken away through a waste valve placed on the bottler for that purpose.
During the period of bottling, the bottler makes an inspection and check to see that the gauges are performing as they should, every thirty-five minutes. Furthermore, the Nehi Company has a field inspector who inspects every Nehi plant every thirty days and tests the product put out by it in order to see if it is producing the drink or product in accordance with the chart furnished to it. This inspector goes out among the customers and buys the bottled drinks and inspects them by a proven method of testing. He also inspects the equipment and drinks in stock in the plant. On one occasion, at least, the inspector found some bottled drinks put out by the defendant company with too little gas, but never did he find any with too much.
There is a serious conflict of authority over the nation as to whether or not the doctrine of "Res Ipsa Loquitur" is applicable to cases of this kind and we can readily see that those engaged in the manufacture of carbonated drinks would be more or less at the mercy of the unscrupulous if we so held. We are not unmindful of the fact that our brothers of the First Circuit have so held in the case of Auzenne v. Gulf Public Service Company, 181 So. 54; Id., 188 So. 512. However, we deem it unnecessary to pass upon that issue at this time for, if we assume the doctrine is applicable, we are of the opinion that defendants have sufficiently rebutted the prima facie case which was made out for plaintiffs under that doctrine.
They have shown, in our opinion, they were free of any negligence in the manufacturing and bottling of the drink which was in the bottle that exploded and the only remaining cause for the explosion was the possible weakness or defect in the bottle.
The record discloses that the bottles used by defendants were purchased in large quantities from a reputable bottle manufacturing concern; that the bottles were purchased to stand a pressure of 250 pounds; that the pressure put into the bottle in bottling the drink complained of *Page 677 
was considerably less than 60 pounds; and that the heat from the July weather would never bring the pressure up to even half of what the bottle was purchased to stand. It is admitted that the defendant company did not test the bottles to find their tensile strength, but relied entirely upon the guarantee of the manufacturing company making the bottles. However, it did inspect the bottles under lights for the purpose of finding any defects, such as cracked places, etc.
We are of the opinion that the defendants are not liable for any latent defects in the bottle which could not be discovered through inspection under the lights. The bottles were made by a reputable manufacturer. Defendants purchased them and resold them when filled with carbonated soft drinks. They had no knowledge of any latent defects in the bottles and could rely upon the manufacturer of them.
We are of the opinion the law as discussed and cited in Gordon v. Bates-Crumley Chevrolet Company, La.App., 158 So. 223, Id.,182 La. 795, 162 So. 624, is applicable to the case at bar and that plaintiffs have failed to make out their case.
Plaintiffs further contend that, regardless of their right to recover under the doctrine of "Res Ipsa Loquitur", they should recover under implied warranty in sales. This doctrine could not be of any avail to the plaintiffs unless they can show that defendants knew of the defects in the bottle. The record fails to show that fact.
It therefore follows that the judgment of the lower court is erroneous and it is now reversed and the demands of plaintiffs are rejected, at their costs. *Page 680