This is a suit for damages for personal injuries and damage to an automobile, arising out of a collision in which two automobiles and a truck were involved shortly after dark on the night of July 1, 1938, at a point on the airline highway between Baton Rouge and New Orleans, at a point some five miles above Reserve in the Parish of St. John the Baptist. Plaintiff was driving south towards New Orleans in his automobile accompanied by his Negro chauffeur. A truck owned by M. Romano Son, being driven at the time by Armstead Phillips, in the direction of Baton Rouge, was stopped partly on the pavement on its right side of the road, slightly at an angle. D.K. Summers, driving his own automobile north towards Baton Rouge, struck the left rear end of the truck, causing his automobile to cut across his left lane of travel and to strike plaintiff's car, causing such damages for which this suit was instituted. The defendants in the case are: M. Romano Son, the owners of the truck, Armstead Phillips, the driver of the truck, the Hartford Accident Indemnity Company, the liability insurer of the truck, and D.K. Summers, owner and driver of the other automobile.
The negligence charged to defendants Romano Son, the driver of the truck, and the liability insurance carrier are: (1) In parking the truck on the paved portion of the highway without allowing a clearance at least 15 feet to the left, whereas there was sufficient space to stop or park the truck on the shoulder; (2) in failing to place flares to warn the traffic; (3) in parking said truck without any lights. Defendant Summers is charged with negligence (1) in driving too fast, (2) in failing to see the parked truck, and (3) in failing to have his automobile under proper control. Plaintiff further alleges *West Page 589 
that the combined negligence of the driver of the Romano truck and that of Summers was the proximate cause of the accident.
After the filing of several motions and exceptions by the defendants, none of which is necessary to mention, save and except an exception of want of jurisdiction ratione personae filed by defendant Summers which will be hereinafter discussed, the defendants answered. The answer of Romano Son, Phillips, and the insurance carrier, was separate from that of Summers. In their answer, they deny any negligence on the part of the truck driver, and allege that the proximate cause of the accident was the negligence of defendant Summers in driving at a rapid rate of speed and without keeping a proper lookout. In the alternative, they allege and plead contributory negligence on the part of plaintiff (1) in travelling at an unlawful rate of speed, (2) in failing to dim his lights for the approaching Summers' automobile, (3) in failing to see the truck, and (4) in failing to take the necessary precautions to avoid the accident. Defendant Summers, in his answer, admits that he struck the truck and then swerved to his left, striking plaintiff's car coming in the opposite direction; he alleges that the cause of the accident was the unlawful parking of the truck on the paved portion of the highway without lights and flares. In the alternative, he pleads the contributory negligence of the plaintiff for the same reason as pleaded by the other defendants.
On the trial of the merits, the trial judge rendered a judgment wherein he absolved the defendants M. Romano Son, the driver of the truck, and its insurance carrier, of any negligence and dismissed the suit as to them. The trial judge also found that the plaintiff was free of any negligence. He came to the conclusion that the sole and proximate cause of the accident was the negligence of defendant Summers and accordingly rendered a judgment in favor of plaintiff and against Summers in the sum of $543.34.
As previously stated, Summers had interposed an exception of jurisdiction ratione personae before filing his answer, which plea had been referred to the merits. The basis of this plea is that since the accident had occurred in the Parish of St. John the Baptist, and since the suit was filed in the Parish of East Baton Rouge, the domicile of defendant Romano Son, and since he is a resident of the Parish of Livingston, and that, unless it be decreed that he was a joint tort-feasor, he could not be sued in the District Court for the Parish of East Baton Rouge. After judgment having been rendered against him, and absolving the other defendants of any liability, Summers filed an application for rehearing, again urging his exception to the jurisdiction. His application was granted; and upon rehearing, the trial court sustained the exception of want of jurisdiction and dismissed plaintiff's suit as to him also.
Thereafter, a final judgment was rendered dismissing plaintiff's suit on the merits as against defendants M. Romano 
Son, the individual partners composing the same, Armstead Phillips, and the Hartford Accident Indemnity Company, at his costs; and further judgment sustaining the exception to the jurisdiction as to defendant D.H. Summers, dismissing plaintiff's suit as to Summers, also at plaintiff's cost. From this judgment, plaintiff prosecutes this appeal.
The first and most important point to be considered is the holding of the lower court that the truck driver was not guilty of any negligence contributing to the accident. If his conclusion is correct, then it follows that he has correctly sustained the exception to the jurisdiction of the court in that the accident happened in St. John the Baptist Parish, and defendant Summers is domiciled in Livingston Parish, the suit being filed in East Baton Rouge, the domicile of Romano Son. See Gordon et al. v. Bates-Crumley Chevrolet Co. et al., 182 La. 795, 162 So. 624.
As we view the evidence, the facts show that the truck was stopped in the position in which it was for the reason that the supply of gas in one of the tanks had given out and that the truck driver had driven slightly to the right before he came to a stop. As is usual in these cases, the evidence is conflicting as to the exact position of the truck in reference to the paved portion of the highway. Phillips, one of the defendants, the Negro truck driver, died before the case was tried. Mike Romano, the senior partner of M. Romano Son, was in the truck at the time of the accident. Mr. Romano states that as the gas tank became empty, the Negro driver drove the truck off of the pavement *West Page 590 
so that the rear end of the truck occupied only about three feet of the pavement; that the front wheels were off of the pavement and on the shoulder of the road. Walker, plaintiff's chauffeur, who was not driving but who was riding in the automobile with him, testified that the truck was parked almost completely off of the pavement on its right side; that the truck only extended two or three feet on the pavement. Summers testified that the right rear dual wheel of the truck was on the shoulder of the highway, but that the remainder of the rear of the truck extended over his lane of traffic on the pavement. The testimony of two or three witnesses who came to the scene of the accident shortly thereafter is to the effect that the rear end of the truck projected over and on the pavement seven or eight feet and to within one or two feet from the center line. The trial judge put considerable stress on the testimony of Mr. Romano and gave but little weight to the testimony of the two or three witnesses who came upon the scene of the accident shortly thereafter, for the reason that the truck could have been moved toward the center by the impact of Summer's automobile, the impact having been a left angling blow. The trial judge came to the conclusion that the rear end of the truck extended some four or five feet on the pavement, which is 20 feet in width, and that there were left 15 or 16 feet to the left of the truck as clearance, in satisfaction of Act No. 21 of 1932, Sec. 3, Rule 15, the Act thus prevailing. After due consideration of the evidence, we cannot say that the trial judge committed any error in his finding of fact.
On the question of want of flares as required by the statute, Act No. 21 of 1932, supra, the evidence shows that the truck was momentarily stopped by the truck driver in order to loosen the valve in a reserve gas tank, the regular gas tank being empty. In accordance with Mr. Romano's testimony, which testimony was believed by the trial judge, Mr. Romano had had just enough time to step out of the cab on the right hand side and loosen the valve to the reserve tank when he perceived Summers' automobile approaching from the rear; that such procedure did not require more than a minute; that he was awaiting the passing of Summers' automobile to proceed on his journey; that the time elapsing from the complete stop to the actual collision did not consume but a few minutes; less time than that required to get out and install the flares. The evidence shows that it would have required several minutes to install the flares and that under the circumstances then existing they could not have been installed prior to the accident. Following our decision in the case of Bourgeois v. Longman, 199 So. 142, and the case of Beach v. Union Brewing Corp et al., 187 So. 332, by the Orleans Court of Appeal, we are of the opinion that the failure to put out flares cannot be considered as the proximate cause of the accident.
As to the third and last charge of negligence as against defendants Romano Son, et als, the evidence preponderates that the headlights and the clearance lights were burning. There is a question as to whether or not the truck was equipped with a tail light. Mr. Romano positively testified that the truck was fully equipped with all lights as required by law; that when he left the City of New Orleans the tail light of the truck was burning; that when the truck stopped, and when he connected the reserve gas tank, he saw the reflection of the tail light on the pavement. Defendant Summers testified that he did not see any lights on the truck, but this is explained by his own testimony wherein he states that he failed to see the truck on account of the bright lights of plaintiff's automobile until he was right upon it. Mr. Thos. C. Jackson testified that he passed this truck at the spillway bridge south of Laplace, several miles below the scene of the accident, and that at that time the truck was not equipped with a tail light or the same was not burning. On that question, the trial judge evidently believed Mr. Romano and came to the conclusion that the truck was fully equipped with all lights, including a tail light, which was burning at the time of the accident. We see no reason to disagree with him and we confirm his finding of fact.
Considering the case as a whole, we are of the opinion that the trial judge did not err in his finding of fact and the law applicable thereto and we approve of his conclusion that the driver of the truck was not guilty of any negligence and correctly dismissed plaintiff's suit as to M. Romano Son, Armstead Phillips, the driver of *West Page 591 
the truck, and the Hartford Accident Indemnity Co.
Having come to the above conclusion, we are also of the opinion that the exception to the jurisdiction filed by defendant Summers was properly sustained and plaintiff's suit dismissed. As to defendant Summers, plaintiff had the alternative of filing his suit in the District Court for the parish wherein the accident occurred, St. John the Baptist, or where defendant was domiciled. He elected to sue in the District court wherein M. Romano Son was domiciled alleging that the defendants were joint tort-feasors, and has failed to prove that they were.
For these reasons, the judgment appealed from is affirmed.