367 So.2d 28 (1978)
PASQUIER, BATSON & COMPANY, Plaintiff-Appellant,
v.
Mildred Hunt EWING et al., Defendants-Appellees.
No. 13729.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1978.
Rehearing Denied January 10, 1979.
Writ Refused February 23, 1979.
*29 Naff, Kennedy, Goodman, Stephens, Donovan & Parnell by Robert J. Donovan, Jr., Shreveport, for plaintiff-appellant.
Wiener, Weiss, Madison & Howell by John M. Madison, Jr., Shreveport, for defendant-appellee, John D. Ewing, Jr.
James A. Van Hook, Shreveport, for defendants-appellees, Patricia E. Hendrick et al.
B. Frank Mackey, Jr., Little Rock, Ark., and James A. Van Hook, Shreveport, for defendant-appellee, Helen C. Hines.
Thompson, Sparks, Cudd & Dean by Wood T. Sparks, Monroe, for defendant-appellee, Esther E. Jensen.
Snellings, Breard, Sartor, Inabnett & Trascher by George M. Snellings, III, Monroe, for defendants-appellees, Robert Ewing, III et al.
Before BOLIN, PRICE and MARVIN, JJ.
En Banc. Rehearing Denied January 10, 1979.
PRICE, Judge.
Pasquier, Batson & Co. has appealed from the judgment sustaining declinatory exceptions of improper venue as to three of the several parties named as defendants in its suit to recover compensation for professional services rendered. Plaintiff, a public accounting partnership, sued for accounting services allegedly rendered to the stockholders of The Times Publishing Ltd. preceding and in connection with the sale of their stock to the Gannett, Co., Inc. Defendants are those shareholders who refuse to pay plaintiff after billing and amicable demand. The aggregate balance demanded from these parties is $256,441.41. Three of the defendants, namely, Mildred Hunt Ewing, Esther Ewing Jensen, and Robert Ewing III, filed declinatory exceptions of improper venue alleging they were not domiciliaries of Caddo Parish, where suit was filed, and therefore venue is improper as to them under La.C.C.P. Art. 42.[1]
*30 Although the trial court did not give written reasons for judgment in sustaining the exception of venue, it apparently rejected appellant's contention that the obligation alleged was a joint obligation bringing the suit within the purview of La.C.C.P. Art. 73,[2] which provides exceptions to the general venue provisions of La.C.C.P. Art. 42, and dismissed as of nonsuit the claims against the exceptors.
Appellees filed a motion to dismiss this appeal contending that the judgment rendered below is not a final judgment, but merely an interlocutory decree which is not appealable absent a showing of irreparable injury. We overrule the motion to dismiss.
Appellees cite and rely on the decisions in Broussard v. Liberty Mutual Insurance Company, 204 So.2d 714 (La.App. 3d Cir. 1967); Paul v. Wilcox, 228 So.2d 487 (La.App. 1st Cir. 1969), and Communications C. Net., Inc. v. Burger Chef of La., Inc., 291 So.2d 849 (La.App. 4th Cir. 1974). These cases are inapposite because all three involve an appeal from a transfer order rather than a dismissal. Because the suit below was dismissed as of nonsuit rather than transferred, no review of the correctness of the ruling would lie unless direct appeal is allowed. The well established rule is that a judgment of dismissal without prejudice (i. e. as of nonsuit) is a final judgment from which an appeal will lie. People of Living God v. Chantilly Corporation, 251 La. 943, 207 So.2d 752 (1968); Butler v. Flint-Goodridge Hosp. of Dillard U., 346 So.2d 1131 (La.App. 4th Cir. 1977); Rapides Savings & L. Ass'n v. Lakeview Develop. Corp., 326 So.2d 511 (La.App. 3d Cir. 1976).
Therefore the judgment is appealable and the motion to dismiss is overruled.
The correctness of the trial court's judgment sustaining the exception of venue hinges on whether the claims made by appellant for its services against the multiple stockholders of the Times, if valid, are claims to enforce a joint or several obligation. If the obligation is "joint" the Caddo Parish venue is proper under La.C.C.P. Art. 73, as an exception to the general venue provision of Art. 42; however, if it is "several" then Art. 42 controls and venue is improper.
In Louisiana promises by more than one obligor are classified as either several, joint, or in solido. La.C.C. Art. 2077. Those agreements wherein several promisors obligate themselves to perform different and distinct acts are classified as several although contained in the same contract. La.C.C. Art. 2078. Joint obligations are characterized by the performance of a single duty by various individuals. Obligations are joint when each of several debtors owes a part of the same thing. La.C.C. Arts. 2080, 2085-2087. See also S. Litvinoff Obligations in Louisiana Civil Law Treatise § 22 n. 71 (1969). Although as a general proposition, joint undertakings obligate the individual obligors to their virile share in proportion to the number of obligors, parties to a joint obligation can adopt another mode of division and the inequality of the respective parts can be as great as the parties desire. La.C.C. Art. 2086. See also 2 M. Planiol, Traite elementaire de droit civil 718 (La.State L.Inst. trans. 1959), and 14 La.Law Review 850-851.
Whether the rights and obligations of the parties to the contract are joint or several is to be determined by the intention of the parties. Nabors v. Producers Oil Co., 140 La. 985, 74 So. 527 (1917); Shell Petroleum Corporation v. Calcasieu Real Estate & Oil Company, 185 La. 751, 170 So. 785 (1936).
We recognize that venue is a paramount concern in the scheme of the Louisiana Code of Civil Procedure, and that it is difficult in some instances to make a proper determination of whether parties intended a joint or several obligation until after evidence has been presented, and in such an instance, the court may find it necessary to refer the exception to the merits. See Gordon *31 v. Bates-Crumley Chevrolet Co., 182 La. 795, 162 So. 624 (1935), 21 La.Law Review 203-204. This perhaps would have been a more appropriate procedure in this instance. However, the joint stipulation by the parties has relegated this court in resolving the venue question to an examination of the allegations of appellant's petition and the sales agreement between Gannett and the Times shareholders. At the trial of the exception it was stipulated that the allegations of the appellant's original petition were to be accepted as true for the purpose of deciding the exception to venue and the only evidence introduced was the written contract between the Times shareholders and Gannett.
The petition generally alleges appellant furnished extensive accounting and related services to the Times and its stockholders in renegotiating an advantageous joint venture contract during 1975 and 1976, in defending a suit by several stockholders seeking a liquidation in 1976, and in the solicitation of a purchaser and consummation of the sale of outstanding stock to the Gannett Co., Inc. in 1976 and 1977.
Appellant alleges, that although it provided its services at the request of the Times or its shareholders, it had no understanding in regard for payment of any specific amount for its services. Appellant alleges it is entitled to payment for services rendered in connection with the negotiation of the joint venture contract and the defense of the stockholders liquidation suit under the doctrine of quantum meruit. It further alleges recovery should be allowed for the services related to the procurement of a buyer and the consummation of the sale of stock because it is a third party beneficiary under a provision of the written agreement between the Times stockholders and Gannett which provides:
ART. II. * * *
(w) Expenses. No expenses of the Sellers incurred in connection with the transactions contemplated by this Agreement (including, without limiting the generality of the foregoing, accounting and legal fees incurred in connection therewith) shall be deemed a liability of Shreveport or any Subsidiary, and the Sellers shall bear all their respective expenses.
Assuming, as we must, the correctness of these allegations of the petition and giving proper consideration to the above provisions of the sales agreement, we conclude the obligation alleged to be owed by the various stockholders named as defendants is a joint rather than a several obligation. Basically the gist of appellant's petition is that the services were not rendered to the stockholders individually under separate transactions, but were for the benefit of either the Times as a corporate entity or the collective number of shareholders in the disposal of their stock as a group. The allegations and the sales agreement on their face show one common objective of all stockholders in the utilization of appellant's services, that is to liquidate the Times Corporation by private sale of all stock to a single purchaser.
Appellees contend that the clause of the stock sales agreement with Gannett providing "the Sellers shall bear all their respective expenses" shows an intent for the shareholders to be severally bound for their own accounting cost. They further contend that because the stockholders were each billed on the basis of their pro rata stock ownership, which was not equal, that this precludes the obligation to be classified as joint. We do not find either of these positions sound. We construe the subject provision of the sales agreement to intend that all shareholders shall be jointly liable in proportion to their stock ownership. La. C.C. Art. 2086 permits the parties to vary from the general rule that each is liable for his virile share under a joint obligation.
Appellees rely on the decision in Green, Harding & Co. v. Relf & Co. et al., 14 La.Ann. 828 (1859) as being closely analogous and controlling of the issue presented here. The court in that case did conclude disproportional payments by various stockholders resulted in a several obligation. The decision has not been cited or followed in any subsequent cases in the long period since its rendition. As the decision is conflicting *32 with the provisions of Art. 2086, we do not find it controlling in this instance.
Our views are consistent with the rules established in Nabors v. Producers Oil Co., supra, which appears to be the leading decision addressing the issue of joint versus several obligations.
For the foregoing reasons the judgment appealed is reversed, the exceptions of venue are overruled, and the case is remanded for further proceedings in accordance with law and consistent with this opinion. Costs of this appeal are taxed to appellees. Assessment of all other costs are to await final disposition on the merits.
PER CURIAM.
On application for rehearing exceptors contend our opinion has misconstrued the extent of the stipulation made by the parties in submitting the matter on the basis of the allegations of fact contained in plaintiff's pleadings together with the stock sales agreement between Gannett and the Times shareholders. We therefore modify our opinion to clarify that exceptors did not stipulate that conclusions of law made in plaintiff's petition were within the purview of the stipulation made.
We further feel it necessary to make it abundantly clear that our conclusions reached are solely for the purpose of deciding the exceptions of venue and do not have the effect of determining whether or not these exceptors or any other defendants owe any obligation to plaintiff which can only be determined after presentation of evidence on trial of the merits.
Likewise, the effect of the provisions of the stock sales agreement can only be determined after presentation of evidence on trial of the merits.
We continue to adhere to our view that there has been a sufficient showing that the obligation owed for accounting services, if proven, is joint rather than several, and the exceptions to venue should be overruled. The application for rehearing is denied.
NOTES
[1] The general rules of venue are that an action against:

(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; . . . (La.C.C.P. Art. 42)
[2] An action against joint or solidary obligors may be brought in any parish of proper venue, under Article 42, as to any obligor who is made a defendant. . . . (La.C.C.P. Art. 73)